[No. 30932. Department Two. August 26, 1949.]

E. R. RALPH, *Appellant*, v. THE CITY OF WENATCHEE, *Respondent*.[1]

*Tonkoff & Holst*, for appellant.

*J. A. Adams*, for respondent.

ROBINSON, J.—This action was brought to enjoin the enforcement of ordinance No. 1110, of the city of Wenatchee, and to have certain provisions thereof declared unconstitutional and invalid. The ordinance reads, in part, as follows:

"AN ORDINANCE RELATING TO PHOTOGRAPHERS AND THE BUSINESS OF PHOTOGRAPHY, AND REPEALING SECTION 29 OF ORDINANCE NO. 730, AND ORDINANCE NO. 930 IN ITS ENTIRETY, AND DECLARING AN EMERGENCY.

"BE IT ORDAINED BY THE CITY COMMISSION OF THE CITY OF WENATCHEE:

"Section 1. Definition of terms.

"The term 'photographer' as used herein shall be held to include every person, firm or corporation, both principals and agents, engaged in the business of taking, finishing, and selling photographs, including all work and processes required to be done or used in reproducing from an exposed

[1]Reported in 209 P. (2d) 270.

photographic film or plate, a positive image of the likeness of the person (or object) of whom the exposure was taken, and of making one or more copies thereof, and of fixing, toning, retouching, washing, and trimming the photograph and material upon which the same is reproduced, or making reproductions or enlargements of finished photographs.

"The terms 'transient' and 'itinerant' as applied to photographers shall be deemed to mean and include all persons, firms or corporations, both principals and agents, who engage in and conduct within the City of Wenatchee a business as photographer without (1) a bona fide intention of continuing such business in any one place for a period of more than 180 days, (2) an investment in non-movable permanent equipment, excluding photographic equipment, in excess of $1,000 and (3) the proprietor or operator of such business being a bona fide resident of the City of Wenatchee or vicinity.

"Section 2. (A) Any person desiring to engage in the business of a transient or itinerant photographer as hereinbefore mentioned and defined within the said city, shall make an application in writing to the Clerk of said City for the license so to do, which application shall be filed with the said Clerk at least seven (7) days before such applicant shall be authorized to begin said business. Such application shall state the name and residence of the applicant, the place where such business is to be conducted, and the kind and type of photographic work for which orders are to be taken, and the length of time for which the license is desired.

"(B) On and after seven days from the filing of such application, a license shall be issued by said Clerk to such applicant, upon the payment of the following license fee:

"Five Dollars ($5.00) for each day less than one week,

"Twenty-five ($25.00) for one week, and One Hundred Dollars ($100.00) for one month.

All such license fees shall be paid in advance, and if any such licensee desires to continue in business after the expiration of such license, a new license shall be secured, in the same manner and upon the same terms as the original license.

. . .

"Section 6. The going in or to private residences, places of business, or industrial or other establishments by photographers or their agents or employees, not having been first requested to do so by the owners or occupants of such resi-

dences, places of business, or establishments, for the purpose of soliciting any kind of photographic work or the work of photographers as defined herein, or for the sale of any photograph or enlargement thereof, or the engaging in such soliciting on public streets or in public places is hereby prohibited. . . .

"Section 9. It shall be unlawful for any person, firm, or corporation to engage in business as photographer within the City of Wenatchee without complying with the provisions of this ordinance. Any person, firm or corporation who shall violate any of the provisions of this ordinance shall upon conviction be fined in an amount of not less than $10.00 nor more than $100.00, or imprisonment in the City Jail not more than 30 days, or both such fine and imprisonment."

Plaintiff is a resident of the state of Washington, doing business under the name of Natural Arts Studio, with his principal place of business in the city of Yakima. He is a photographer. In towns outside of Yakima, he employs agents who go from house to house and from business to business soliciting orders for finished photographs. After solicitation, prospective purchasers are directed to call at a hotel, or other temporary place of business, where plaintiff maintains camera equipment, and there a sitting is had, and a photograph taken. The negatives are developed locally, and proofs are made and submitted to the subjects. The film or plates are then sent to Yakima, where the printing and finishing are done.

At the commencement of this action, plaintiff moved for an order requiring the defendant, city, to show cause why a temporary injunction should not be granted against it. An order to show cause was issued, oral testimony was taken, and the court, after hearing argument of counsel, filed a memorandum opinion and entered an order denying plaintiff's motion for a temporary injunction. The memorandum opinion found the ordinance constitutional and valid, save for § 1, para. 2, subs. 2, which places, within the classification of "transient" or "itinerant" photographer, all those photographers not possessing an investment in non-movable, permanent equipment, excluding photographic

equipment, in excess of one thousand dollars. This subsection was declared to be unreasonable and void.

The defendant then answered generally, denying plaintiff's complaint. A stipulation between counsel was entered into, which provided that neither of the parties desired to introduce further evidence, and that the cause should be submitted to the court for final judgment upon the complaint and answer, and upon the evidence introduced at the time of the hearing upon plaintiff's application for a temporary injunction. The trial court thereupon entered a judgment dismissing plaintiff's complaint, and appeal was taken to this court.

Appellant alleges that § 2, parts (A) and (B), of the ordinance is unconstitutional, in so far as it assesses license fees against persons not residents of the city of Wenatchee. The fourteenth amendment to the Federal constitution provides that no state shall deny to any person within its jurisdiction the equal protection of the laws. U. S. Const., Amendment 14. Our own state constitution provides that no law shall be passed granting to any citizen, class of citizens, or corporation, other than municipal, privileges or immunities which, upon the same terms, shall not equally belong to all citizens or corporations. Wash. Const., Art. I, § 12. Section 2, by requiring license fees of those photographers who are nonresidents of Wenatchee only, discriminates unreasonably against them, and violates both these constitutional provisions.

Ordinances containing provisions resembling that under consideration have been frequently passed throughout the United States, and frequently litigated. The great majority of courts are in accord with the result here reached. See *Toomer v. Witsell*, 334 U. S. 385, 92 L. Ed. 1460, 68 S. Ct. 1156; *Ward v. Maryland*, 79 U. S. 418, 20 L. Ed. 449; *In re Irish*, 121 Kan. 72, 250 Pac. 1056, 61 A. L. R. 332; *McGraw v. Town of Marion*, 98 Ky. 673, 34 S. W. 18, 47 L. R. A. 593; *State ex rel. Greenwood v. Nolan*, 108 Minn. 170, 122 N. W. 255; *Warren Kay Vantine Studio v. Portsmouth*, 95 N. H. 171, 59 A. (2d) 475.

The question of the validity of § 6 of the ordinance involves what is perhaps a more difficult problem. An examination of this section discloses that it presents two different aspects. On the one hand, it prohibits photographers from going in or to private residences, places of business, or industrial or other establishments for the purpose of soliciting any kind of photographic work or to perform the work of a photographer without having first been requested to do so. On the other hand, it completely prohibits any solicitation for photographic work in public streets or in public places. When these two sections are considered together, it seems apparent that there is force in appellant's contention that their effect is substantially to prohibit activity of nonresident photographers in the city of Wenatchee.

It is sought, of course, to find justification for this section in the police power of the municipality. Regarding the invocation of the police power in circumstances similar to those involved here, the court of errors and appeals of New Jersey has said:

"It is requisite that the common welfare be advantaged to a substantial degree to justify the exercise of the police power. *Mansfield & Swett, Inc., v. West Orange*, 120 N. J. L. 145, 160. But however this may be, it is not within the bounds of reason to prohibit particular classes of business, lawful in themselves, for the enrichment of another class. Such subversion of competition is not in the public interest, and the police power can only be addressed to that end. As regards the class deprived of the common right to engage in trade, the enactment is arbitrary, unjust and oppressive. At common law, unfair methods of competition and combinations in restraint of trade have been from early times considered a species of fraud within the police power. Ordinances operating to restrain competition and tending to create monopolies or confer exclusive privileges are generally condemned. *McQuillan on Municipal Corporations* (2d ed.), § 773. . . .

"And it goes without saying that an exertion of the police power, affecting personal and property rights, is nugatory unless made in good faith for the attainment of a public object within its cognizance. If the dominant purpose be the service of private interests under the cloak of the general public good, it must be adjudged a perversion of the

power. The principal is universal that local legislation in the exercise of this power shall be characterized by entire good faith; if this be lacking, it will be struck down by the courts as an abuse of power. . . ." *New Jersey Good Humor v. Board of Commissioners of Bradley Beach*, 124 N. J. L. 162, 11 A. (2d) 113.

This language was used in the course of declaring invalid an ordinance prohibiting all peddling. It seems particularly applicable to the situation at bar, where the ordinance involved was admittedly designed to prohibit the activities of itinerant photographers only, and, consequently, is even more susceptible to the charge that it discriminates in favor of a particular group, namely, resident photographers.

Authorities are cited which, on the ground that door-to-door solicitation may be declared a nuisance, have held that it may be abated by exercise of the municipal police power. The ordinances involved in these cases, however, have prohibited *all* door-to-door solicitation, not merely that undertaken by a particular class or group; and the features of door-to-door solicitation which render it liable to be termed a nuisance, according to the reasoning of these authorities, are common to all types of such solicitation. Thus, in the case of *Green v. Gallup*, 46 N. M. 71, 120 P. (2d) 619, the court said:

"Mr. Justice Lyon, speaking for the Supreme Court of Wisconsin in Morrill v. State, 38 Wis. 428, 20 Am. Rep. 12, said in effect: He hunts his customers in their own homes. . . . There is in each case (whether the sale be made by sample or of the article itself for immediate delivery) the same intrusive domiciliary visitation, the same relentless personal pursuit of a purchaser, the same practiced and persistent itinerant salesman adroitly pressing his wares on the attention of those who neither need nor wish for them, but who are unable to resist the wiles or penetrate the deceptions practiced upon them."

There seems no reason to believe that the householder or business man would be more annoyed or disturbed by the appearance of an itinerant photographer than by that of any other salesman. Therefore, the reasoning fortifying the conclusion that all peddling is a nuisance which a munic-

ipality may forbid, seems inapplicable to a case where an attempt has been made to prohibit the activities of but one class of itinerants, leaving others to ply their trade without restriction.

But it is contended that itinerant photographers often do poor work, and suggested that allowing them to operate unlicensed and uncontrolled has led to certain abuses; and it is urged that the purpose in passing this ordinance was to protect the public from the resultant loss. There is no suggestion, however, that this end could not be attained by the use of reasonable regulatory measures, rather than by the prohibition of what is in itself a completely lawful business; and the former is the method which, where practicable, is to be preferred. See *Good Humor Corp. v. New York*, 290 N. Y. 312, 49 N. E. (2d) 153.

It is axiomatic that the police power may be exercised only in the pursuit of the general welfare. See *State v. Pitney*, 79 Wash. 608, 140 Pac. 918, Ann. Cas. 1916A, 209. As it appears, both from the testimony in this case and from a study of the ordinance itself, that § 6 thereof was passed with the primary purpose of protecting local photographers from lawful competition, and was thereby designed to serve private interests in contravention of common rights, it must be condemned as an abuse of the police power, and, therefore, unreasonable and unlawful. *New Jersey Good Humor, v. Board of Commissioners of Bradley Beach, supra.*

The judgment of the trial court is reversed and the cause remanded, with instruction to enjoin the city of Wenatchee from attempting to enforce ordinance No. 1110 against the appellant, his agents, solicitors, and employees.

JEFFERS, SCHWELLENBACH, and GRADY, JJ., concur.

SIMPSON, C. J., concurs in the result.