7 N.J. Super. 245 (1950)
72 A.2d 880
MORRIS OSTROFF, HARRY OSTROFF, LOUIS OSTROFF AND ISRAEL OSTROFF, TRADING AS BARRINGTON BOTTLING CO., PLAINTIFFS-APPELLANTS,
v.
BOARD OF COMMISSIONERS OF THE CITY OF CAMDEN, DEFENDANT-RESPONDENT.
CAMDEN COCA COLA BOTTLING CO., A NEW JERSEY CORPORATION;
CARMELLA LARUSSO, ANTHONY IMBESI, MARY CARELLA, CATHERINE MAZZOLA, ROSE SCUFFARIO AND THOMAS IMBESI, TRADING AS 7-UP BOTTLING CO., OF CAMDEN
PAL BOTTLING CO., INC., A NEW JERSEY CORPORATION, PLAINTIFFS-APPELLANTS,
v.
BOARD OF COMMISSIONERS OF THE CITY OF CAMDEN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 27, 1950.
Decided April 25, 1950.
*247 Before Judges JACOBS, McGEEHAN and EASTWOOD.
Mr. Meyer L. Sakin, attorney for and of counsel with plaintiffs-appellants, argued the cause.
Mr. Norman Heine argued the cause for the defendant-respondent (Mr. John J. Crean, attorney).
The opinion of the court was delivered by EASTWOOD, J.A.D.
Plaintiffs appeal from a judgment of the Superior Court, Law Division, determining that an ordinance adopted by the defendant on March 15, 1928, as amended on August 28, 1948, is valid and enforceable.
The ordinance is entitled: "An Ordinance to license and regulate wholesale bottling establishments, trades or businesses within the City of Camden, New Jersey, and to fix the fee to be paid for such licenses and to prohibit all persons and places unlicensed from acting, using or being used for such uses and purposes and providing for a penalty for the violation hereof.", and the pertinent provision reads as follows:
"SECTION 1. It shall be unlawful for any person, persons, firms or corporation to run, operate or maintain any store, dwelling or establishment for the purpose of manufacturing soft drinks for the purpose of sale and distribution thereof in wholesale quantities or to conduct any store, dwelling or establishment for the purpose of sale or distribution of bottled soft drinks in wholesale quantities, commonly known as `wholesale soft drink establishments,' or to sell, deliver or distribute bottled soft drinks in wholesale quantities within the City of Camden without first having obtained a license therefor."
The plaintiffs operate and maintain establishments outside of the City of Camden for the manufacture and bottling of soft drinks for sale and distribution in wholesale quantities. For several years last past, they have sold and delivered their bottled goods directly from their trucks to retailers in the City of Camden, except on occasion an order is telephoned to the plant. At the conclusion of each transaction, the driver-salesman usually collects the amount due for the sale.
The ordinance, as originally adopted on March 15, 1928, provided for the imposition of an annual license fee in the *248 amount of $25. For a period of approximately fifteen years prior to 1948, plaintiffs complied with the provisions of the ordinance, by obtaining the necessary license. The 1948 amendment provides for an annual license fee of $100 and a further fee of $5 for each additional wagon, truck or vehicle used in said business. The plaintiffs refused to comply with the terms of the ordinance as amended, and instituted this action to test its validity.
The plaintiffs advance three grounds for a reversal of the Law Division's judgment, viz.: (1) the ordinance is ultra vires the municipality; (2) the ordinance is not applicable to plaintiffs, as the situs of their business is located in a municipality other than the City of Camden; and (3) the ordinance is discriminatory, oppressive, unreasonable and confiscatory. Defendant asserts that the ordinance is valid and enforceable, is authorized by R.S. 40:52-1, 2 and is not discriminatory, oppressive, unreasonable or confiscatory.
The plaintiffs argue that the ordinance is ultra vires the municipality in that it seeks to license the same privilege extended by the State Food and Drug Laws, under the authority of which (R.S. 24:12-5 et seq.), the State Department of Health has issued to plaintiffs a certificate to engage in their particular business throughout the State of New Jersey. There appears to be no serious question that the design of the regulatory features of the Food and Drug Act, as administered by the State Department of Health, is to protect the public health, safety and welfare. Pursuant to this design, and in the exercise of the supervisory power vested in the State Health Department, the certificate issued to plaintiffs evidenced their compliance with the rules and regulations of the state department, a condition precedent to their engaging in that particular type of business. We see no merit to the plaintiffs' contention that the issuance of this certificate exempts them from the municipal license. The municipal license is not for a parallel purpose, but was imposed under the appropriate legislative power and with the view of receiving revenue therefrom. This purpose we deem to be distinguishable *249 from the regulations of the State Department of Health. The authority of a municipality to license and regulate businesses and to impose fees thereon for revenue, stems from R.S. 40:52-1 and R.S. 40:52-2. That part of R.S. 40:52-1 providing that a municipality shall not be empowered to license or regulate a holder of a license or certificate issued by a department, board, commission or agency of the State has been construed by our courts to be inapplicable where the two licensing authorities impose a license for different purposes. Chaiet v. East Orange, 136 N.J.L. 375 (Sup. Ct. 1948); Ring v. North Arlington, 136 N.J.L. 494 (Sup. Ct. 1948); affirmed, 1 N.J. 24 (Sup. Ct. 1948); 335 U.S. 889, 93 L.Ed. 193. It is significant that in the case of Rosenberg v. Camden, 137 N.J.L. 505 (1948), the Supreme Court held the ordinance sub judice to be within the scope of municipal authority.
Secondly, the plaintiffs contend that the ordinance is not applicable to them since the situs of their business is located outside of the City of Camden. They argue that "The tenor of the Ordinance deals with the situs or locale of the place of business as being in the municipality and any attempt to extend the provisions of the Ordinance to include establishments located outside the City of Camden is contrary to the apparent purpose and object of the Ordinance." Plaintiffs obviously ignore the clear purposes of the ordinance. It clearly encompasses three types of businesses, viz.: (1) the operation or maintenance of an establishment for the purpose of manufacturing soft drinks for sale or distribution in wholesale quantities; or (2) the conduct of an establishment for the purpose of sale or distribution of bottled soft drinks in wholesale quantities; or (3) the sale, delivery or distribution of bottled soft drinks in wholesale quantities in the city of Camden. The proofs unquestionably establish that the plaintiffs' driver-salesmen, in soliciting business from retailers within the City of Camden, delivering the bottled goods coincidentally therewith and receiving payment therefor, constitutes doing business within the City of Camden and brings *250 them within the purview of the third classification created by the ordinance. The cases relied upon by plaintiffs are clearly distinguishable from the case sub judice. They deal with factual issues where the business engaged in was either that of peddling or only occasional business which had its origin outside of the municipality or where the business establishment was located outside of the municipality, the transaction was consummated at its plant. In the case sub judice, the entire transaction, comprising the sale, delivery and payment, transpire within the City of Camden. Under these circumstances, the situs of the business is clearly within the municipal limits. Rosenberg v. Camden, supra. Cf. Cary v. North Plainfield, 49 N.J.L. 110 (Sup. Ct. 1886).
We find no merit in plaintiffs' contention that the ordinance is discriminatory, oppressive, unreasonable and confiscatory. This contention is not supported by any evidence. It was held in Ring v. North Arlington, supra, at p. 500:
"The license tax exacted by the ordinance is not confiscatory on its face; and there is no showing that the enforcement of the ordinance would be confiscatory as to prosecutors, assuming that that would be a proper inquiry on the record made. The quantum of the tax rests in sound discretion, guided by reason; and judicial intervention is permissible only where there has been an abuse of power. If the local legislative action is not clearly unreasonable or unduly oppressive or discriminatory, its policy is not a justiciable question. Independent Warehouses, Inc., v. Scheele, 134 N.J.L. 133; affirmed, 331 U.S. 70; 67 S.Ct. 1062; 91 L.Ed. 1346."
In the absence of proof to the contrary, there is a presumption in favor of the validity and reasonableness of the ordinance, and the burden is on the challenger to overcome this presumption. Steiker v. East Paterson, 137 N.J.L. 653 (E. & A. 1948), and cases cited therein.
Plaintiffs assert further that the ordinance "glaringly discriminates by singling out vehicles used only in the bottling business and there is no provision * * * to cover and include the other types of business * * *." Our courts have settled the law on the question of the right of the municipality *251 in the exercise of its licensing power to distinguish between businesses of different character. Mr. Justice Heher, speaking for the former Supreme Court in Ring v. North Arlington, supra, stated:
"* * * In the exercise of the power to license for regulation and revenue, distinctions may be made not only between businesses of different character, but also between businesses of the same general class where there are substantial differences in the subject-matter and trade methods and practices related to the object of the legislation. * * *"
We find that the business classification here is reasonable; it "* * * is not vicious on its face; and prosecutors have not borne the burden of proof in this regard. Indeed, there was no evidence aliunde." Ring v. North Arlington, supra.
The judgment of the Law Division is affirmed, with costs.