40 N.J. Super. 168 (1956)
122 A.2d 383
OLAN MILLS, INC. OF OHIO, A CORPORATION OF THE STATE OF TENNESSEE, PLAINTIFF,
v.
BOARD OF COMMISSIONERS OF THE CITY OF TRENTON, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided April 27, 1956.
*169 Messrs. Minton, Dinsmore & Lane (Mr. Arthur S. Lane appearing), attorneys for plaintiff.
Mr. Louis Josephson, attorney for defendant.
*170 EWART, J.S.C.
By this suit which partakes of the nature of a suit in lieu of the old prerogative writ of certiorari and also of the nature of a bill in chancery for an injunction, plaintiff attacks the validity, as applied to it, of Ordinance 884 of the City of Trenton, being an ordinance governing, regulating and fixing license fees of those engaged in the business of itinerant vendors of photographs and photographic services in the City of Trenton, and seeks an order or judgment restraining the defendant city from enforcing the provisions of said ordinance against it, the plaintiff.
An ad interim order was entered on May 24, 1955 restraining the city from enforcing the ordinance against the plaintiff pending final hearing in this cause.
The facts of the controversy are not in dispute. I find the essential facts to be as follows:
Plaintiff, a Tennessee corporation, authorized to do business in the State of New Jersey, has its principal place of business in the City of Springfield, Ohio. It is and has been engaged in the business of promotion and production of fine portraiture throughout a large area of the eastern part of the United States, ranging from Maine to Missouri, and maintains and operates a large number of photographic studios in various communities in several states from which studios agents and employees of the plaintiff solicit business; arrange for portrait sittings; photographs are taken in the several local studios; and the negatives are forwarded to the plaintiff's main plant at Springfield, Ohio for developing and processing.
February 23, 1955 plaintiff entered into a written lease with one Jennie L. Invidiato covering four offices on the second floor of a building situate at 132 East Hanover Street in the City of Trenton, for a term of one year from March 1, 1955 at an annual rental of $1,500 payable in equal monthly installments of $125 each month in advance. Said lease contains an option to the lessee to renew the lease for a further term of one year on the same terms and conditions as the original lease, and also it contains an express *171 agreement between the parties giving the lessee the right to cancel and terminate the lease at any time on 30 days' written notice to the lessor.
On the same day, viz., February 23, 1955, plaintiff applied to the City Clerk of the City of Trenton and obtained a license authorizing it to carry on the business of a "Photog. w/studio" at 132 East Hanover Street for a period of one year from January 1, 1955 to December 31, 1955, for which plaintiff paid the city a license fee of $25 under the provisions of Ordinance No. 504 of the city, being a general mercantile ordinance regulating and fixing license fees of certain professions, trades, businesses, callings and occupations carried on in the City of Trenton. Said ordinance last mentioned, under which said license was taken out, fixes a license fee of $25 for "Photographers engaged in the business of taking pictures or photographs and/or developing, copying or enlarging the same, for each gallery or studio."
Plaintiff customarily operates its business, and has done so in this instance, principally by means of solicitation by telephone, but, in addition thereto, has to some extent had its agents and employees canvass from door to door among the residents of the city.
The city authorities have heretofore received complaints from citizens and others regarding other companies employing similar solicitation methods not living up to their contractual obligations, but no complaints have been received by the city authorities regarding the plaintiff's operations. Plaintiff was still carrying on its business at the address mentioned, in the same manner as above described, up to the time of the pretrial conference in this cause on February 17, 1956.
In the operation of its said business, where a "sale" is made, plaintiff customarily collects a small fee from the customer and delivers to the customer a certificate giving the customer the right to have three photographic sittings during the year and a choice of three reproductions thereof, for which I understand a further fee or price is charged *172 upon delivery of the photographs. Plaintiff has entered into a large number of such contracts.
On May 1, 1955 plaintiff's local manager was ordered by the city police department to appear before the municipal magistrate to answer a complaint and was there informed that because plaintiff makes a business of sending its exposed negatives to Springfield, Ohio for processing, it was classified as an itinerant vendor and required to apply for a license as such under Ordinance 884 of the city and to pay a fee of $300 therefor, failing which it would become subject to the penalties provided in the latter Ordinance.
Ordinance No. 884 of the city was adopted on October 21, 1954; defines itinerant vendors of photographs and photographic services to mean and include any person, whether as principal or agent, clerk or employee, either for himself or for any other person, or for any body corporate, etc. who engages in the business of selling, or offering to sell, photographs or rendering any photographic services in the City of Trenton, by means of traveling by any means or methods, from house to house, or from street to street, or from place to place, and who does not have a permanent local studio within the City of Trenton "which is equipped to perform a complete job of photography or who intends to close out and discontinue such studio and business within a period of one year from the date of the commencement thereof." (Emphasis supplied)
Said Ordinance 884 by its terms requires an applicant for a license to file a written application in duplicate, verified by affidavit, on forms supplied by the city; requires the applicant to set forth his full name and local address, the name of the employer, the nature of the photographic services to be offered, statement as to whether the applicant has been convicted of crime, and upon request of the local police authorities the applicant may be required to furnish a photograph and submit to finger-printing. Further, the applicant for such a license under the ordinance is required to post a bond for $1,000, and to execute and file with the city clerk a power of attorney appointing the clerk his agent *173 to acknowledge and accept service of process. Section 6 of said Ordinance 884 imposes a license fee of $300, payable upon the taking out of the license. And section 6 of the ordinance states that the license fee "is hereby fixed for the purpose of raising revenue and for regulation and control * * *." Section 11 of the ordinance subjects anyone who violates the ordinance, upon conviction, to a fine not exceeding $200, or to imprisonment for a period not exceeding 90 days, or to both such fine and imprisonment, and further provides that each day during which the license shall be violated shall be taken to be a separate and distinct offense.
Plaintiff attacks the validity of said Ordinance No. 884 upon several grounds, viz.:
(1) That the license fee of $300 is excessive and discriminatory.
(2) That the provisions of said Ordinance 884 effects an unlawful interference and invasion of the rights of private business and constitutes an abuse of the police power.
(3) That the ordinance as applied to the plaintiff is invalid because it imposes an undue burden and interference upon interstate commerce.
(4) That the said Ordinance 884 is invalid because it sets up no standards by which it may be ascertained or determined whether or not a photographic studio is "equipped to perform a complete job of photography."

I.

Charge That the $300 Fee is Excessive.

Inasmuch as the license fee of $300 is imposed not only for purposes of regulation but also for revenue as stated in Ordinance 884, and as permitted by statute (R.S. 40:52-2), I cannot say that the fee is so excessive as to justify the conclusion that it is unreasonable, prohibitory or confiscatory. Levin v. City of Asbury Park, 9 N.J. Misc. 515 (Sup. Ct. 1931); Ring v. Mayor and Council of Borough of North Arlington, 136 N.J.L. 494 (Sup. Ct. 1948), affirmed O.B. 1 N.J. 24 (1948), appeal dismissed 335 *174 U.S. 889 (1948), 69 S.Ct. 250, 93 L.Ed. 427; Edwards v. Mayor and Council of Borough of Moonachie, 3 N.J. 17, 26 (1949).
Furthermore, there is a presumption that the fee is reasonable in amount and the burden of showing to the contrary rests upon him who challenges it. I find that plaintiff has failed to carry that burden. Edwards v. Mayor and Council of Borough of Moonachie, supra, 3 N.J., at page 26; City of Elizabeth v. Windsor-Fifth Avenue, 31 N.J. Super. 187 (App. Div. 1954); Bellington v. Township of East Windsor, 32 N.J. Super. 243 (App. Div. 1954).

Charge That Fee is Discriminatory.
Under the city's general mercantile license ordinance No. 504, the license fee imposed upon photographers engaged in the business of taking pictures or photographs and/or developing, copying or enlarging the same, is $25. Under ordinance No. 884 applying to the business of itinerant vendors of photographs and photographic services, the fee is $300 in addition to certain other burdens imposed upon the licensee as enumerated in the ordinance. Plaintiff can hardly be classified under Ordinance 884 as a transient inasmuch as it has now operated its studios at 132 East Hanover Street, Trenton, from February 1955 up until the pretrial conference on February 17, 1956, and so far as I am presently informed, is still carrying on business at the same address. The only feature distinguishing plaintiff's business from that of other photographic studios in the city appears to be that it does not develop its negatives at its studios in Trenton but ships them out to its main plant in Springfield, Ohio, for developing and processing. In all other essentials, the plaintiff's business appears to be identical with that of other local photographic studios upon whom a license fee of but $25 is imposed. In my opinion, there is no sound basis in fact or in logic for putting plaintiff in a different classification than that of other local photographic studios in the City of Trenton merely on the basis that it *175 ships its negatives to Springfield, Ohio, for developing and processing, whereas presumably the other studios develop their own negatives. An unreasonable, illusory distinction between merchants or others engaged in the same line of business has been held to void the ordinance. Great Atlantic & Pacific Tea Co. v. Board of Com'rs of City of Camden, 122 N.J.L. 47, 53 (Sup. Ct. 1939). And to the extent that Ordinance 884 tends to shield local studios from lawful competition from outsiders and thus to serve private interests in contravention of common rights, it constitutes an unreasonable exercise of power by the city and is ultra vires. N.J. Good Humor, Inc., v. Board of Com'rs of Borough of Bradley Beach, 124 N.J.L. 162 (E. & A. 1939); Reingold v. Harper, 6 N.J. 182 (1951).
I do not mean to hold that Ordinance 884 is invalid generally. It is my view, however, that under the facts developed in the case at bar, there is no justification for putting the plaintiff in any different classification than the other local photographic studios in the city.
Neither Amodio v. Board of Com'rs of Town of West New York, 133 N.J.L. 220 (Sup. Ct. 1945), nor Ostroff v. Board of Com'rs of City of Camden, 7 N.J. Super. 245 (App. Div. 1950), both of which are cited by defendant, are in point under the particular facts of the case at bar.

II.

Charge That the Ordinance is Invalid Because it Imposes an Undue Burden Upon and Interference with Interstate Commerce.
As stated above, the only distinguishing feature between the operations of the plaintiff and that of other local studios in the City of Trenton is that plaintiff ships its photographic film to its plant in Springfield, Ohio, for developing and processing. Thus it is engaged in interstate commerce. Neither a state nor a municipality may bar or impose undue burdens or interference upon interstate commerce. An attempt to do so in the guise of taxation which *176 produces a discriminatory effect is invalid. A discriminatory tax imposed by a single municipality, rather than by the State Legislature, imposes potentially a multiple rather than a single burden if the business is going to be carried on in more than one municipality. Such undue interference with interstate commerce is illegal in that it contravenes the Commerce Clause, Art. I, Sec. VIII, of the Federal Constitution. Such ordinances peculiarly lend themselves to discrimination against those engaged in interstate commerce in favor of local competing businesses. Nippert v. City of Richmond, 327 U.S. 416, 66 S.Ct. 586, 90 L.Ed. 760 (1946). Independent Warehouses, Inc., et al. v. Scheele, 134 N.J.L. 133 (E. & A. 1945), affirmed 331 U.S. 70 (1947), is to be distinguished on its facts. I do not consider that the case last cited overrules the case of Nippert v. City of Richmond.
In conclusion, I am of the opinion that the facts of this case do not justify placing plaintiff in any different classification than that applied to the other local photographic studios in the City and that an attempt to classify plaintiff as an itinerant vendor and subject it to a license fee of $300, in contrast to the fee of $25 paid by other local studios, on the basis that plaintiff ships its negatives to Ohio for developing and processing, would make Ordinance 884 invalid so far as concerns the plaintiff because it would constitute an undue interference with interstate commerce. Having reached that conclusion, it is unnecessary to pass upon the other points raised in the plaintiff's brief.
Judgment will be entered in favor of the plaintiff.