CITY OF WATERTOWN, Respondent v. HAGY, Appellant

(177 N.W.2d 736)

(File No. 10600. Opinion filed June 16, 1970)

**Loucks, Oviatt, Bradshaw & Green,** Watertown, for defendant and appellant.

**Dean Sumner,** Watertown, for plaintiff and respondent.

HANSON, Judge.

Defendant was found guilty of violating an ordinance of the City of Watertown relating to the regulation and licensing of transient and itinerant photographers. On appeal he asserts the unconstitutionality of the ordinance. The City of Watertown failed to appear or file a brief in opposition.

The challenged ordinance is as follows:

"12.0301: LICENSE REQUIRED.

It shall be unlawful for any person to engage in the business of a transient or itinerant photographer, canvasser or solicitor of photographs or pictures or enlargements of the same, taken, photographed or otherwise made, prepared or enlarged and sold or delivered or for the transaction of any business in connection therewith, within this City without having first obtained a license so to do. (C-359—1)

"12.0302: 'TRANSIENT' AND 'ITINERANT' DEFINED.

The terms 'transient' and 'itinerant' shall be deemed to mean and include all persons, both principals and agents, who engage in and conduct within this city, either in one locality, or traveling from house to house or place to place, a temporary or transient business, with the intention of continuing

in such business in any one place for a period of not more than 180 days.  (C-359—2)

"12.0303: 'CANVASSER' and 'SOLICITOR' DEFINED.

The terms 'canvasser' and 'solicitor' shall be deemed to mean and include any person who goes from house to house or from place to place in this City selling or taking orders for, or offering to sell or take orders for photographs, pictures, or enlargements thereof, for future delivery.  (C-359—3)

"12.0304: LICENSE FEE.

No person shall deal as a transient and itinerant photographer, canvasser and/or solicitor of photographs or pictures or enlargements of the same without having procured the licenses herein required and no two or more persons shall deal under the same license as partner, agent or otherwise.  The license fee for transient and itinerant photographer, canvasser and/or solicitor of photographs or pictures or enlargements of the same shall be Ten Dollars a day.  (C-359—4 )

"12.0305: APPLICATION.

The applicant for any license provided by this Chapter shall on application for such license state the name of the applicant, permanent address of applicant, length of residence in the state, whether he transacts business for himself or someone else, and if for someone else, the name and address of person, firm or corporation he represents, copies of the contract and agreement he intends to make with the customer, and how he intends to operate in this City.  (C-359—5)

"12.0306: BOND.

The applicant for any license provided by this Chapter before receiving a license shall file in the office of the City Auditor a bond in the penal sum of Five Hundred Dollars for the faithful per-

formance and obligation of said applicant arising in connection with his business, and for payment of all claims for damages for which he may become liable through fraud, deceit, or otherwise in the course of his business.   (C-359—6)

"12.0307: NO CALLS EXCEPT UPON REQUEST.

The practice of going in or upon private residence property in this City by transient or itinerant photographers, canvassers, or solicitors of photographs or pictures or enlargements of the same not having been requested or invited so to do by the owner or owners, occupant or occupants, of said private residences for such business purposes is hereby prohibited and declared to be unlawful.   (C-359—7)"

The stipulated facts show defendant was arrested on May 17, 1968 and charged with violating the above ordinance.   The alleged offense occurred at a Lutheran Church in Watertown where defendant was taking photographs without having applied for or obtained a transient photographer's license or bond.

At the time defendant was engaged in a "transient or itinerant" business as defined by the ordinance.   He was furthermore, an agent or employee of the United Church Directories, an Ohio Corporation.   Negatives of pictures taken by him were to be mailed to the home office in Ohio for processing and were then to be mailed back to the Lutheran Church in Watertown for use.   The business constituted interstate commerce.

It was further stipulated that no license fee is required of or imposed upon photographers located in the City of Watertown, South Dakota.

In view of the stipulated facts the only issue of consequence is whether the Ordinance imposes an undue burden on interstate commerce.   In construing similar municipal ordinances in recent years, most courts have found them to be discriminatory and in violation of the Commerce Clause

of the Federal Constitution. The reasoning in these cases is typified by the New Hampshire Court in Warren Kay Vantine Studio v. City of Portsmouth, 95 N.H. 171, 59 A.2d 475, as follows:

> "The right to enact reasonable statutes and ordinances for the regulation and licensing of hawkers and peddlers, itinerant vendors and solicitors has been recognized and enforced in this jurisdiction for a long period of time * * * 'Itinerants present some menace to the public if unrestrained * * *' and 'Sales in itinerancy may be regulated because of the elements of travel and wandering.' * * * However, the regulation and licensing must not unduly or unfairly discriminate against non-residents. Such discrimination was formerly considered to be in conflict with the privileges and immunities clause (Art. 4, § 2) of the Federal constitution (State v. Lancaster, 63 N.H. 267), but today the emphasis is placed on its violation of the commerce clause, Art. 1, § 8 cl. 3. Nippert v. City of Richmond, 327 U.S. 416, 66 S.Ct. 586, 90 L.Ed. 760, 162 A.L.R. 844.

> The challenged ordinance if not designed for the purpose of discriminating against the non-resident photographer clearly has that necessary effect. Portsmouth photographers pay no license fees under this ordinance nor are they subject to any substantially equivalent charges. The cumulative burden of such an ordinance in various municipalities throughout the state as applied to plaintiffs * * constitutes a barrier to interstate commerce which is not permitted, Nippert v. City of Richmond, supra, 327 U.S. 429, 430, 66 S.Ct. 586, 90 L.Ed. 760, 162 A.L.R. 844. While interstate commerce may be required to pay its way, it must be placed on a plane of equality with local trade and commerce. If ordinances may accomplish that object, the present one does not * * *."

To the same effect see Ralph v. City of Wenatchee, 34 Wash. 2d 638, 209 P.2d 270; Bossert v. City of Okmulgee, 97 Okl.Cr.

140, 260 P.2d 429; Nicholson v. City of Forrest City, 216 Ark. 808, 228 S.W.2d 53; Olan Mills, Inc. v. City of Cape Girardeau, 364 Mo. 1089, 272 S.W.2d 244; Olan Mills, Inc. v. City of Elizabethtown, Ky., 269 S.W.2d 201; Olan Mills, Inc. of Ohio v. Board of Commissioners, 40 N.J.Super. 168, 122 A.2d 383; Olan Mills, Inc. of Ohio v. City of Barre, 123 Vt. 478, 194 A.2d 385; Olan Mills Incorporated v. City of Tallahassee, Fla., 43 So.2d 521; Olan Mills, Incorporated v. Panama City, Fla., 78 So.2d 561; Olan Mills, Incorporated v. City of Tallahassee, Fla., 100 So.2d 164. Also see Annot. in 7 A.L.R.2d, Regulation of practice of photography, p. 416.

Accordingly, the Watertown ordinance requiring a license, daily license fee, and bond of transient and itinerant photographers cannot be sustained as it discriminatorily imposes a burden upon interstate commerce which is not similarly imposed upon competing local businesses of the same nature. Nippert v. City of Richmond, 327 U.S. 416, 66 S.Ct. 586, 90 L.Ed. 760; Real Silk Hosiery Mills v. City of Portland, 268 U.S. 325, 45 S.Ct. 525, 69 L.Ed. 982 and Memphis Steam Laundry Cleaner v. Stone, 342 U.S. 389, 72 S.Ct. 424, 96 L.Ed. 436.

Reversed.

All the Judges concur.