[No. 4499–1. Division One. March 6, 1978.]

THE STATE OF WASHINGTON, *on the Relation of Robert E. Schillberg, Respondent,* v. EVERETT DISTRICT JUSTICE COURT, ET AL, *Respondents,* OLIVER KEITH JERGENSEN, *Appellant.*

*Cooper & Lyderson* and *Donald J. Lyderson,* for appellant.

*Robert E. Schillberg, Prosecuting Attorney,* and *Eugene Butler, Deputy,* for respondents.

CALLOW, J.—A citation was filed in Everett District Court, Snohomish County, charging the defendant Oliver Keith Jergensen with violation of Snohomish County Code 10.28.051, which prohibited operation of a motorboat on the waters of Lake Bosworth. Violation of this resolution was a misdemeanor. The defendant admitted that he had operated his boat in contravention of county regulations.

The defendant moved to dismiss alleging that the County did not have jurisdiction to prohibit the use of internal combustion engines on nonnavigable lakes in Snohomish County. The district court judge concluded that state law preempted the County's authority and dismissed the action. The cause was appealed to superior court, and following a hearing the order of dismissal was set aside, findings, conclusions and a judgment were entered, and the cause remanded for trial. The defendant appeals the judgment of the Superior Court.

Lake Bosworth is within the boundaries of Snohomish County, being one of over 450 lakes therein. It is 95.4 acres in size, ranking it about the tenth largest in the county. The lake's greatest depth is 80 feet. It is used for recreation and fishing.

Snohomish County Code 10.28.051 provides in part:

> *10.28.051 Regulations—Internal combustion motors prohibited on certain lakes.* Due to the inadequate flow and other factors making discharge of internal combustion motors polluting and the small size and configuration rendering the use of internal combustion motor powered watercraft hazardous, it is unlawful to operate internal combustion motor powered watercraft upon the following lakes:

| LAKE | LOCATION |
|---|---|
| . . . | |
| Lake Bosworth | Located in Sec. 36, Twp. 30 N., Range 6 E, W.M. and Sec. 31, Twp. 30 N, Range 7 E, W.M. |

The penalty provisions are contained in Snohomish County Code 10.28.060, as follows:

*10.28.060 Penalty for violation.* Any violation of this chapter shall constitute a misdemeanor and shall be punishable as provided in Section 1.01.100.

Since the date of the incident for which the defendant was charged, Snohomish County has enacted a comprehensive water use regulation regulating boating, swimming, skiing tournaments and other activities on all the lakes in Snohomish County. The subsequent enactment continues to prohibit the use of internal combustion motors on Lake Bosworth except (1) by law enforcement agencies, and (2) during tournaments. The subsequent enactment classifies lakes and assigns permitted and prohibited uses, designates areas in certain lakes restricted to swimming and prohibiting motorboats; designates times and areas restricted to drag boats or restricted to tournaments, and other restrictions designed to accommodate competing water uses. The comprehensive enactment continues to prohibit the use of internal combustion motors on Lake Bosworth.

 The issue presented is whether Snohomish County is precluded from enacting a resolution controlling the use of lakes within its boundaries by the state statute concerning the subject, RCW 88.12.

RCW 88.12.020 states:

Manner of operation. Every person operating or driving a motor propelled boat or vessel on any waters in the state, shall drive the same in a careful and prudent manner at a rate of speed no greater than is reasonable and proper under the conditions existing at the point of operation, taking into account the amount and character of traffic, size of the lake or body of water, freedom from obstruction to view ahead and so as not to unduly or unreasonably endanger life, limb, property or other rights of any person entitled to the use of such waters.

A nonnavigable lake is private property. *Snively v. State,* 167 Wash. 385, 9 P.2d 773 (1932); *Bernot v. Morrison,* 81 Wash. 538, 143 P. 104 (1914), *appeal dismissed,* 250 U.S. 648, 63 L. Ed. 1188, 39 S. Ct. 492 (1918). The riparian owners own the property to the center of the lake. *Litka v.*

*Anacortes,* 167 Wash. 259, 9 P.2d 88 (1932). The use of a nonnavigable lake is a right to be enjoyed by all of the riparian owners in common, so long as it is done without interference with the exercise of the rights of other owners. *Snively v. Jaber,* 48 Wn.2d 815, 296 P.2d 1015, 57 A.L.R.2d 560 (1956). While the riparian rights on nonnavigable lakes are owned by private upland owners, their excess water is subject to appropriation for use on nonriparian lands. The regulation of the use of nonnavigable lakes must be based upon a reasonable exercise of the police power, which can only be exercised in pursuit of the general welfare. *Ralph v. Wenatchee,* 34 Wn.2d 638, 209 P.2d 270 (1949). The police power of the State extends to the protection of the lives, limbs, health, comfort and quiet of all persons and the protection of all property within the state. It must be exercised by rules and regulations which allow everyone to use his property so as not to injure others, and any law which undertakes to abolish rights totally, the exercise of which does not involve an infringement of the rights of others, or to limit the exercise of rights beyond what is necessary to provide for the public welfare and the general security, cannot be included in the police power of the government. The right to regulate does not include the right to prohibit where a blanket prohibition is unnecessary. *Seattle v. Ford,* 144 Wash. 107, 257 P. 243 (1927); *In re Ferguson,* 80 Wash. 102, 141 P. 322 (1914). The state statute reflects a reasonable exercise of the police power since it is regulation and not abolition. The county ordinance does not.

Article 11, section 11 of the Washington State Constitution states:

> Any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws.

RCW 88.12 regulates the use of motorboats, while the county ordinance would abolish their use completely on certain nonnavigable lakes. As such, it is in conflict with and in violation of this constitutional prohibition and therefore must fall. *Yakima v. Gorham,* 200 Wash. 564, 94

P.2d 180 (1939). Further, as we have pointed out, the right to use the waters of a nonnavigable lake for recreation is a valuable property right. To absolutely prohibit a reasonable manner of such use would be to take that property right without just compensation. Governmental action of that nature would violate the provisions of article 1, section 16 (amendment 9) of the Washington State Constitution, and therefore cannot stand in the face of that provision. *Snively v. Jaber, supra; In re Clinton Water Dist.,* 36 Wn.2d 284, 218 P.2d 309 (1950); *Litka v. Anacortes, supra.*

A county has no power to prohibit the use of motor powered boats on the nonnavigable lakes within the county, but it may regulate such use by its exercise of the police power through the enactment of reasonable ordinances which are not in conflict with the provisions of RCW 88.12.

The judgment of the Superior Court is reversed and the charge brought against the defendant dismissed.

FARRIS, C.J., and JAMES, J., concur.

Petition for rehearing denied June 6, 1978.

Review granted by Supreme Court November 3, 1978.