[No. 45673. En Banc. May 3, 1979.]

THE STATE OF WASHINGTON, *on the Relation of Robert E. Schillberg, Petitioner*, v. EVERETT DISTRICT JUSTICE COURT, DONALD E. PRIEST, JUDGE, *Defendant*, OLIVER KEITH JERGENSEN, *Respondent*.

*Robert E. Schillberg, Prosecuting Attorney*, and *Eugene Butler* and *Richard S. Lowry, Deputies*, for petitioners.

*Cooper & Lyderson, Donald J. Lyderson,* and *David Metcalf,* for respondent.

WRIGHT, J.—The sole question in this appeal is the validity of a Snohomish County ordinance relating to motor boats on certain lakes, specifically Lake Bosworth.

Lake Bosworth is located in Snohomish County and is one of the larger of many lakes in the county. It has an area of 95.4 acres and a maximum depth of 80 feet. The use of the lake is recreational, including fishing, swimming and diving. It is one of the lakes in Snohomish County where the use of internal combustion motors is absolutely prohibited, except for law enforcement and certain other specified purposes. The ordinance sets forth reasons for that prohibition, which are the danger of pollution from internal combustion motors and the hazard which might result from their operation. The use of electric motors is not prohibited.

No question of fact is involved. The defendant admits operation of a motor boat at the time and place charged, admits such operation violated the ordinance, if it is valid, and admits the enactment of the ordinance was procedurally valid. Defendant challenges the ordinance on the ground that it conflicts with a Washington statute.

This case was instituted in the district court for Snohomish County where the action was dismissed on the basis of invalidity of the ordinance. Upon appeal to the Superior Court the action was reinstated, the district court was reversed and the matter was remanded to the district court for trial. Upon appeal to the Court of Appeals, the Superior Court was reversed and the charge was dismissed. *State ex rel. Schillberg v. Everett Dist. Justice Ct.,* 19 Wn. App. 421, 575 P.2d 1096 (1978). The opinion of the Court of Appeals discusses many matters which had not been presented in the district court or in the Superior Court. In oral argument in this court the parties specifically limited the issues to the matter of conflict with a state statute, which

was the issue considered in the trial court. We will discuss only that matter.

The authority of county commissioners to enact ordinances comes from the *constitution* and is *legislative* in character. Const. art. 11, § 11 states:

> Any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws.

■■ Defendant's contention is that the ordinance prohibits something the state statute permits. RCW 88.12, derived from chapter 72 of the Laws of 1933, relates to the "Regulation of Motor Boats". The provisions of the chapter are concerned with safe operation of motor boats and do not in any way grant permission to operate boats in any place. A statute will not be construed as taking away the power of a municipality to legislate unless this intent is clearly and expressly stated. *Nelson v. Seattle,* 64 Wn.2d 862, 866, 395 P.2d 82 (1964); *Seattle v. Wright,* 72 Wn.2d 556, 559, 433 P.2d 906 (1967). While both of those cases refer to first class cities, the power of a county comes from the same source, Const. art. 11, § 11. Both of the above cited cases expressly refer to the aforesaid constitutional provision as the source of the cities' power. It must, therefore, be presumed for this purpose that the powers of a city and of a county are the same.

There being no express statement nor words from which it could be fairly inferred that motor boats are permitted on all waters of the state, no conflict exists and the ordinance is valid. The Court of Appeals is reversed and the judgment of the Superior Court is reinstated.

UTTER, C.J., and ROSELLINI, STAFFORD, BRACHTENBACH, HOROWITZ, DOLLIVER, HICKS, and WILLIAMS, JJ., concur.