Rockingham,
June 1, 1948.} No. 3736.

WARREN KAY VANTINE STUDIO, INC. *& a. v.* PORTSMOUTH *& a.*

*Mintz, Levin & Cohn* of Massachusetts, *A. Morris Kobrick* and *William M. Glovsky* also of Massachusetts on the brief and *Cooper, Hall & Grimes* (*Mr. Kobrick* orally), for the plaintiffs.

*Samuel Levy* for the defendants, filed no brief.

KENISON, J. The right to enact reasonable statutes and ordinances for the regulation and licensing of hawkers and peddlers, itinerant vendors and solicitors has been recognized and enforced in this jurisdiction for a long period of time. R. L., *c.* 188; R. L., *c.* 66 *s.* 13 (XV); R. L., *c.* 189; Wright, Hawkers and Walkers in Early America (1927) 91. "Itinerants present some menace to the public if unrestrained . . . and sales in itinerancy may be regulated because of the elements of travel and wandering." *Woolf* v. *Fuller* 87 N. H. 64, 70, 72. However, the regulation and licensing must not unduly or unfairly discriminate against non-residents. Such discrimination was formerly considered to be in conflict with the privileges and immunities clause (*Art.* 4, *Pt.* I, *s.* 2) of the Federal constitution (*State* v. *Lancaster* 63 N. H. 267) but today the emphasis is placed on its violation of the commerce clause. *Nippert* v. *Richmond*, 327 U. S. 416.

The challenged ordinance if not designed for the purpose of discriminating against the non-resident photographer clearly has that necessary effect. Portsmouth photographers pay no license fees under this ordinance nor are they subject to any substantially equivalent charges. The cumulative burden of such an ordinance in various municipalities throughout the state as applied to the plaintiffs, who photograph succeeding high school graduating classes year after year, constitutes a barrier to interstate commerce which is not permitted. *Nippert* v. *Richmond, supra,* 429, 430. While interstate commerce may be required to pay its way, it must be placed on a plane of equality with local trade and commerce. If ordinances may accomplish that object, the present one does not. Compare the comprehensive report by Rhyne *& a.,* Municipal Regulation of Peddlers, Solicitors & Itinerant Merchants (1947, Nat'l Institute of Municipal Law Officers) 5—165.

This case does not present the question of the right of the state to regulate the practice of photography since there is no statute on the point and no opinion is expressed thereon. See Annotations, 116

A. L. R. 1366; 134 A. L. R. 1374. The ordinance of the city of Portsmouth being invalid for the reason indicated, the order is

*Judgment for plaintiff.*

All concurred.