## Olan Mills, Inc. of Ohio v. City of Barre et als

[194 A.2d 385]

May Term, 1963

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed October 1, 1963

*Monti, Calhoun, Eldredge and Free* for the plaintiff.

*Reginald T. Abare* for City of Barre.

**Smith, J.** This action in equity was instituted to obtain declaratory relief concerning the constitutionality of an ordinance of the City of Barre entitled "Itinerant Photographers." The contention of the plaintiff, Olan Mills, Inc., a foreign corporation, having its office and principal place of business in Springfield, Ohio, and engaged in the business of intinerant photography, is that it is engaged in interstate commerce and that the said ordinance places an undue burden upon interstate commerce in violation of Article 1, Section 8 of the federal Constitution. The decree of the chancellor was that the petition for declaratory judgment was not sustained and equitable relief was denied. Judgment for the defendant was entered on the record.

The plaintiff has briefed two issues for our consideration:

1. Does the manner in which plaintiff conducts its business in the city of Barre constitute interstate commerce?

2. If plaintiff, Olan Mills, Inc. of Ohio, is engaged in interstate commerce, does the Barre City Itinerant Photographer's Ordinance unduly burden that commerce in violation of the commerce clause of the federal Constitution?

The case was submitted to the chancellor under an agreed statement of facts. Attached to and made a part of the statement of facts was a list of eight questions which, by agreement of the parties, were to be resolved by the chancellor and upon the determination of which the decree would be based.

The first question to be resolved was:

"(a) Is the manner in which the plaintiff Olan Mills Incorporated of Ohio conducts its business in the City of Barre as hereinabove stated Interstate Commerce?"

The third question was:

"(c) Does the said itinerant photographer's ordinance so discriminate between plaintiff and local photographers as to place an undue burden upon interstate commerce in violation of Article 1, Section 8 of the federal Constitution that provides that Congress shall have the power to regulate commerce with foreign nations and among the several states?"

The ultimate finding of fact, upon which the decree and judgment dismissing the action were based, is found in No. 9 of the findings of fact:

"It is not necessary for the Court to determine whether the plaintiff, Olan Mills, Incorporated of Ohio, is engaged in interstate commerce in the manner in which it conducts its business in the City of Barre because the ordinance being questioned is a valid exercise of police power of the municipality and is not unconstitutional and does not place an undue burden upon interstate commerce . . ."

■ The question presented to us by the appeal of the plaintiff is whether the court below made the proper decree under the facts agreed upon by the parties. Stating the question in another way, our task "is to ascertain whether the law applied has sound footing on the facts found to support it; in other words, to resolve the question whether the conclusion is correct or erroneous, as a matter of law." *Thompson* v. *Smith*, 119 Vt. 488, 497, 129. A.2d 638.

■ In considering the questions raised by the plaintiff, we can only draw necessary inferences from the agreed statement of facts, and we always construe an agreed statement against the excepting

party. But we are bound to construe a record reasonably. This requirement applies to every part of this record, including the agreed statement. And if a reasonable construction of the stipulated facts requires an opposite result from that reached below we can enter the judgment that should have been given on the agreed facts. *St. Albans Hospital* v. *City of St. Albans,* 107 Vt. 59, 62, 176 Atl. 302.

The agreed statement, as well as No. 5 of the findings of fact, states that the plaintiff, Olan Mills, conducts its business in the city of Barre as follows:

"(a) All of plaintiff's employees including the solicitor and photographer are under the direct supervision of the home office located in Springfield, Ohio.

"(b) Plaintiff's solicitors enter the City of Barre and solicit orders for photographs by telephone. Said solicitor calls a resident of the City of Barre, indentifies himself and asks a simple question which, if answered correctly entitles the customer to "credit" on any photograph said resident might thereafter order.

"(c) If the customer indicates interest another employee of plaintiff goes to the customer's home, takes the order, and receives a small deposit which entitles said customer to one 8 x 10 unmounted photograph to be selected from the proofs. At the same time an appointment is made for the customer's first sitting.

"(d) All orders obtained by the above means are subject to acceptance or rejection by the home office in Ohio and are taken for future delivery to be manufactured, processed and finished at Ohio. The orders and the exposed negative made in the City of Barre are sent by mail to the plaintiff's home office in Ohio where the negatives are developed, processed and the proofs manufactured. The proofs are then sent from plaintiff's home office to another of plaintiff's employees, who is under the direct supervision of said home office and who is temporarily located in the city of Barre for showing to the customer. At this showing, the customer selects the proof of the picture to which he originally became entitled and if he so desires orders additional pictures.

"(e) The order for additional pictures if any, are taken by plaintiff's employee subject to acceptance or rejection by the home office in Ohio. Plaintiff's said employee then forwards to the home office the proofs selected by the customer and the order for

additional pictures, if any. If the order for the additional pictures is accepted by the plaintiff at its home office, said additional photographs are mailed to the customer at the City of Barre, C.O.D., along with the photograph to which he was originally by virtue of the original solicitation entitled."

Interstate commerce has been defined by the United States Supreme Court as:

"The negotiation of the sale of goods which are in another state for the purpose of introducing them into the state in which the negotiation is made is interstate commerce." *Real Silk Hosiery Mills* v. *City of Portland,* 268 U.S. 326, 45 S.Ct. 525, 69 L.Ed. 982.

The manner in which the plaintiff conducts its business in Barre has been held to be interstate commerce in decisions from other jurisdictions. *Graves* v. *City of Gainsville,* 78 Ga. App. 186, 51 S.E.2d 58; *Olan Mills, Incorporated* v. *City of Tallahassee,* 100 S.2d 164; *Olan Mills, Inc.* v. *City of Nicholsville,* 280 S.W.2d 522. We think the fact that the plaintiff, Olan Mills, was engaged in interstate commerce is inescapably inferable from a reading of the finding of fact just quoted.

The defendant does not, in its brief, contend that the plaintiff is not engaged in interstate commerce. Defendant contends that the only question presented for decision to this Court is whether its ordinance, as written, is unconstitutional by placing an undue burden upon interstate commerce in its requirement that a license fee be paid for the right to solicit in the city of Barre.

The ordinance of the City of Barre, entitled "Itinerant Photographers" is found in the agreed statement, as well as in No. 8 of the findings of fact:

"Sec. 1. The word 'itinerant photographers' as used in this chapter shall be construed to mean a person, partnership, or corporation, either as principal or agent, who engages in a temporary or transient business in this city, who personally or by employee, agent or servant, solicits within the City of Barre the making of photographic pictures or reproductions with intent to sell the same whether such business is conducted by traveling from house to house or operating from a hotel room, store, dwelling or other place of business.

"Sec. 2. An itinerant photographer before commencing business shall apply for and obtain a license as hereinafter provided.

"Sec. 3. Each applicant for such license shall apply for the same on an application blank to be prepared and furnished by the city at the expense of the city, and shall personally appear and file such application at the office of the City Clerk and answer such further oral inquiries as the city clerk shall make at such time. Such application shall contain a statement of the name, place of residence and address of the applicant, the place of his birth, his nationality, a description of the applicant, together with his photograph, the name and address of the principal place of business of his employer or principal, and such other additional relevant information as the City Council may require. The application shall be accompanied by a remittance to cover the fees herein imposed and the power of attorney and bond herein required. '

"Sec. 4. The applicant shall exhibit to the city clerk the original license issued to him by the Commissioner of Taxes of the State of Vermont, if such applicant has no regular established place of business in this state.

"Sec. 5. The itinerant photographers license fee shall be twenty-five dollars ($25.00) for one week, or any part thereof and twenty-five dollars ($25.00) for each additional week up to one month, and one hundred dollars ($100.00) for one month.

"Sec. 6. *Bond.* Each applicant shall file with the city clerk at the time of making application, a bond in the penal sum of one thousand dollars ($1,000.00) executed by the applicant and a competent surety company authorized to do business in Vermont, or in lieu thereof a cash deposit of equal amount. Such bond shall be conditioned that all photographs or photographic pictures or enlargements taken or made or for which orders shall be taken, will be completed and delivered, will be done in a good workmanlike manner and will be as represented by the licensee, that the licensee shall refund any money paid on such work which has not been done in a good workmanlike manner or which is not completed, and delivered according to contract or which is not as represented by the licensee, that the licensee will indemnify and reimburse any person dealing with such licensee to the amount of any payment or payments such person may have been induced to make through

misrepresentation and will reimburse such person for failure of the licensee to complete and deliver such work. Any person so aggrieved, shall have right of action on the bond for the recovery of the amount of payment made or damages suffered or both. Such bond shall run for a period of time of at least one year beyond the last day for which the license is granted, and in the event of a cash deposit, the same shall not be refunded by the City Council until one year after the expiration of the license.

"Sec. 7. *Power of Attorney.* Each itinerant photographer, not having a residence in the State of Vermont, shall, in writing, appoint the city clerk of the City of Barre, his true and lawful attorney on whom service of legal process in any action or proceeding against the applicant may be made with the same validity as if made upon such applicant personally and such appointment shall be filed with the city clerk. Such power of attorney shall be on a form prepared and furnished by the city clerk at the expense of the city.

"Sec. 8. Such license shall be granted only by the City Council of the City of Barre.

"Sec. 9. The City Council may revoke such license when the public good requires it.

"Sec. 10. *Penalty.* A person who practices as an itinerant photographer in the City of Barre, without having first obtained a license, as herein provided, shall be fined not more than one hundred dollars ($100.00)."

"AMENDMENT TO ORDINANCE ENTITLED 'ITINERANT PHOTOGRAPHERS,' BY REPEALING SECTION 5 OF CHAPTER 26 AND ADOPTING THE FOLLOWING:

"Section 5 of Chapter (26) XXVI is hereby amended to read as follows:

" 'Sec. 5. The itinerant photographers' license fee shall be $10.00 for one week, or any part thereof, $20.00 for any period more than one week and less than four weeks, $75.00 for any period more than four weeks and less than fifty-two weeks.' "

It is to be noted, as the chancellor found below, that the ordinance places no requirement to obtain a license for any purpose on local photographers who maintain a place of business in the city of Barre.

It is only photographers, such as the plaintiff, who do not maintain a regular place of business in the city of Barre, who must obtain a license by paying the fee provided for in the ordinance, as well as conforming with other provisions of the ordinance, including the furnishing of a performance bond.

Itinerant photographers with no established place of business in Vermont, seeking to practice their trade within the State of Vermont, are required to pay a state license fee to the commissioner of taxes by virtue of 32 V.S.A. §9102. In applying for such license the applicant is obliged to furnish to the commissioner of taxes all relevant information that the commissioner may require before issuing such license. 32 V.S.A. §9103. The commissioner of taxes has the right to refuse a license if he has reason to believe that the applicant is not of good moral character, is not financially responsible, or when the commissioner, in his judgment believes the applicant is not a suitable person to have such a license. 32 V.S.A. §9104. The plaintiff is the possessor of a license issued by the State of Vermont under the statutes above cited.

The authority granted to municipalities of the State to license persons to practice as itinerant photographers within their respective jurisdictions is found in 32 V.S.A. §9106.

"(a) The selectmen of a town or the aldermen of a city may grant licenses to persons desiring to practice as itinerant photographers within their respective municipalities and fix a fee therefor, and may revoke such licenses when the public good requires it."

Subdivision (b) of the same section states that such municipal license shall not be granted unless the applicant has been previously licensed by the commissioner of taxes under the preceding sections of the chapter.

The statutory authority to license and regulate itinerant photographers doing business within a municipality must be exercised without undue and unfair discrimination against such non-residents or the ordinance, so permitting, will be unconstitutional and void. At one time such discrimination was considered to be in conflict with the privileges and immunities clause of the federal Constitution; since *Nippert* v. *Richmond,* 327 U.S. 416, 66 S.Ct. 586, 90 L.Ed. 760,

however, the emphasis has been on its violation of the commerce clause, Art. 1, Sec. 8, Cl. 3 of the federal Constitution.

While it may be that the Barre ordinance was not designed for the purpose of discriminating against the non-resident photographer, it clearly has that effect against one, such as the plaintiff, who is engaged in interstate commerce.

The Barre ordinance requires the plaintiff, and others in like circumstances, to file a performance bond of $1,000 with the city as a guarantee of moral character and financial responsibility, but, as we have seen, the commissioner of taxes, by his action in granting a license to the plaintiff, has already determined the possession of these attributes on the part of the plaintiff. The provisions of the ordinance which require the plaintiff to go to financial expense to furnish a guarantee of matters already pre-determined by the State is clearly discriminatory and unfair.

The ordinance also requires that the plaintiff, as an itinerant photographer, pay a license fee of $10 for one week, $20 for a period of more than one week and less than four weeks, and $75 for a period of more than four weeks. No license fee of any kind is required from resident photographers of Barre, nor are such photographers required to file a performance bond.

"While interstate commerce may be required to pay its way, it must be placed on a plane of equality with local trade and commerce." *Warren Kay Vantine Studios, Inc.* v. *City of Portsmouth,* 95 N.H. 171, 59 A.2d 475.

Such a plane of equality does not exist under the Barre ordinance between the resident photographer, who pays no license fees or regulatory costs, and the itinerant photographer, engaged in interstate commerce, subject to the various fees and costs stated above. The existing ordinance is both unfair and discriminatory. It requires little imagination to foresee that similar ordinances in each of the various municipalities of the state would constitute a burden and barrier on interstate commerce which could not be permitted. See *Nippert* v. *Richmond, supra.*

It is the contention of the defendant municipality that because the licensing requirement in the ordinance is directed only to the soliciting of the making and selling of the photographs, such soliciting is local in

character and distinct from the interstate commerce aspect of the business of the plaintiff.

"If the only thing necessary to sustain a state tax bearing upon interstate commerce were to discover some local incident which might be regarded as separate and distinct from 'the transportation or intercourse which is' the commerce itself and then to lay the tax on the incident, all interstate commerce could be subjected to state taxation and without regard to the substantial economic effects of the tax upon the commerce. For the situation is difficult to think of in which some incident of an interstate transaction taking place within a state could not be segregated by an act of mental gymnastics and made the fulcrum of the tax. All interstate commerce takes place within the confines of the states and necessarily involves incidents occurring within each state through which it passes or with which it is connected in fact, and there is no known limit to the human mind's capacity to carve out from what is an entire or integral economic process phases or incidents, label them as 'separate and distinct' or 'local' and thus achieve its desired result." *Nippert* v. *Richmond, supra,* at p. 589.

Where an order is solicited by an agent, and the filling of the order and delivery of goods require their transportation from one state to another, the solicitation transaction is one of interstate commerce. *State* v. *Mobeley,* 234 N.C. 55, 66 S.E.2d 12, 15. This contention of the defendant cannot be sustained.

The "Itinerant Photographers" ordinance of the City of Barre being invalid for the reasons indicated, the order must be *"Judgment Reversed and Judgment for the Plaintiff."*