# Champlain Valley Exposition, Inc., and Harry F. Koch, d/b/a King Reid Shows v. Village of Essex Junction

[309 A.2d 25]

No. 177-72

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed June 5, 1973

Motion for Reargument Denied August 30, 1973

450

*Eric A. Shuppin, Esq.,* Essex Junction, and *Black & Plante,* White River Junction, on the brief, for Plaintiffs.

*Kolvoord, Overton & Wilson,* Essex Junction, for Defendant.

**Daley, J.** This action was brought by Champlain Valley Exposition, Inc., and Harry F. Koch, d/b/a King Reid Shows, to enjoin the enforcement of two ordinances of the Village of Essex Junction against them.

The first ordinance enacted by the Village in 1971, and amended soon thereafter, imposed an admission tax in the amount of 10% of each admission charge levied by a person or corporation engaging in the business of entertainment or amusement. Provision was made in the ordinance for the filing of a statement indicating the number of prices of admission charges collected and for remittance of the amount of the tax levied by the ordinance. Upon failure of the taxpayer to file the statement, further provision was made for the Village Tax Collector to determine the amount due and impose a lien upon the property of the taxpayer who failed to remit

the tax. A penalty was provided for the non-payment of the tax, and willful violation of the ordinance was made a misdemeanor with a fine of not less than $300 nor more than $500 upon conviction. Finally, the revenues generated from the tax would go into the general fund of the Village, to be used for its general purposes.

The Village of Essex Junction sought to impose the first ordinance upon Champlain Valley Exposition, Inc. (Champlain), a Vermont corporation promoting and maintaining an agricultural fair upon real estate it owned within the Village of Essex Junction. In imposing this tax upon Champlain, the Village sought to tax the general admission charge to the fair and the general admission charge to shows held in the grandstand at the fairgrounds.

The other ordinance was enacted by the Village in 1971, and it imposed a $10.00 per day license fee for each individual show, exhibit, or riding device operated within the Village. The license permit was to be obtained from the Village manager's office, and provision was made for the Village manager and police department to enforce the licensing provisions. Excluded from the license fee were those who were subject to the admissions tax. Violation of the provisions of the ordinance carried with it a fine of not less than $300 nor more than $500.

The Village of Essex Junction sought to interpose the license fee provided for in the other ordinance upon Harry F. Koch, d/b/a King Reid Shows (King Reid Shows), which consists of a large number of entertainment rides, exhibits, and amusements collectively presented at agricultural and other fairs in New England and Canada by Harry Koch. King Reid Shows does not own all the concessions presented under its banner, and some of the concessionaires are individual proprietors who rent stall space from King Reid Shows and operate their concessions under the control of King Reid Shows. At the time the action was brought, King Reid Shows and Champlain had contracted between themselves that for the next five years King Reid Shows would operate its show at the annual agricultural fair presented by Champlain.

After the parties stipulated to the facts, the trial court made its findings of fact and conclusions of law upon those

facts and the other exhibits provided by the parties. In its judgment order the trial court adjudged the admission tax ordinance to be properly enacted pursuant to 24 V.S.A. § 2291(11); however, it also adjudged Champlain to be exempt from the ordinance because it came within the purview of a portion of the ordinance which excluded from its provisions corporations conducting or providing entertainment or amusements where the admission charges are to be used exclusively for charitable or educational purposes. The trial court also adjudged the licensing ordinance to be properly enacted pursuant to 24 V.S.A. § 2291(11) and 31 V.S.A. § 401, decreed the fees to be not excessive, and adjudged the licensing fee to be valid and enforceable against King Reid Shows. The trial court then ordered King Reid Shows to pay the amounts due to the Village under the licensing fee unto the Village of Essex Junction, and enjoined the Village from collecting the admissions tax from Champlain. From this judgment order, all the parties to this action have appealed to this Court for review.

The first matter presented for our review concerns the ordinance pursuant to which the Village sought to levy an admissions tax on the admission charges collected by Champlain. In this respect, Champlain contends that the ordinance exceeds the authority granted to the Village to regulate under 24 V.S.A. § 2291(11), and, in the alternative, Champlain contends it is an exempt corporation under 32 V.S.A. § 3802(9). In a cross-appeal, the Village contends the ordinance, lawfully enacted, does not exempt Champlain because an amendment to Champlain's articles of association, providing that upon liquidation, its assets would be distributed to a charitable, religious, or educational organization and not the stockholders, had not been filed with the Secretary of State at the time the case was heard below, and until it had been filed Champlain was not a charitable or educational corporation within the meaning of the exclusions found in the ordinance.

At the outset our inquiry must focus upon the enabling statute pursuant to which the Village enacted its ordinance providing for an admission tax on entertainment or amusements. In that regard, a determination must be made whether or not the ordinance is the result of a proper exercise of the

delegated municipal power contained within 24 V.S.A. § 2291, which provides in part:

> "For the purpose of promoting the public health, safety, welfare and convenience, a town, city or incorporated village shall have the following powers:
> . . . .
>
> (11) To regulate, license, tax or prohibit circuses, carnivals and menageries, and all plays, concerts, entertainments or exhibitions of any kind for which money is received."

It is clear that the statute, 24 V.S.A. § 2291(11) confers upon municipalities' broad powers to tax circuses, carnivals, and menageries of any kind so long as those powers are exercised for the purpose of promoting the public health, safety, welfare, or convenience of the municipality. On the other hand, it is also clear the ordinance which was enacted by the Village seeks to impose a tax upon admissions for the sole purpose of raising revenue, and, as a consequence, makes no attempt to meet the purpose found in the enabling act. Compare *State* v. *Bevins,* 70 Vt. 574, 579, 41 A. 655 (1898). Because of the failure of the ordinance to meet the purpose set forth by the legislature in the enabling act, it does not bear a real and substantial relationship to the public health, safety, welfare, and convenience, and therefore must be held to be invalid. See generally 9 E. McQuillin, Municipal Corporations § 26.24, at 58–59 (3d ed. rev. F. Ellard 1964); *Kirsch Holding Co.* v. *Borough of Manasguan,* 24 N.J. Super. 91, 93 A.2d 582 (1952). See also *Vermont Salvage Corp.* v. *Village of St. Johnsbury,* 113 Vt. 341, 350, 34 A.2d 188 (1943).

Since the ordinance providing for the admissions tax is in excess of the authority granted to the Village by the enabling statute, pursuant to which the ordinance was enacted, we need not discuss the other contentions raised as to this ordinance by the parties.

The second matter presented for our review is the ordinance providing for the issuance of license permits and the collection of a $10.00 per day license fee for each individual show, exhibit or riding device operated within the Village. King Reid Shows contends the ordinance exceeds the author-

454

ity granted to the Village in the enabling act because the Village trustees are without authority to pass such an ordinance and the fees collected thereunder are excessive and beyond the authority conferred in the enabling act.

█ The Village trustees used as their authority to enact the ordinance licensing King Reid Shows 24 V.S.A. § 2291(11) and 31 V.S.A. § 401, *et seq.* King Reid Shows' argument that the Village Trustees are without authority to pass the ordinance rests upon those portions of 31 V.S.A. § 401 which provide: "Selectmen may permit the exhibition in their town of any show . . ." and the fees received for the permits are "for the use of the town . . . ." Because of this, King Reid Shows contends 31 V.S.A. § 401 limits the issuance of permits to selectmen of towns, and, as a consequence, the Village trustees were without authority to enact the ordinance. The interpretation of the authority granted by the legislature in this area argued for by King Reid Shows is unduly restrictive, for it ignores 24 V.S.A. § 2291(11) which is another legislative grant of authority in the same area. Because 31 V.S.A. § 401 and 24 V.S.A. § 2291(11) deal with the same subject matter, they must be read *in pari materia*. *Taconic Racing and Breeding Association, Inc.* v. *Vermont Department of Public Safety,* 130 Vt. 388, 392, 296 A.2d 257 (1972). In so doing it is evident that the Village trustees were given authority to enact the ordinance licensing King Reid Shows in 24 V.S.A. § 2291(11). Moreover, because in 31 V.S.A. § 403 the Village trustees are made subject to a penalty for issuing a license to the operator of a show like King Reid Shows for less than the minimum fee prescribed in Section 401, it must be assumed they have the power to issue a license in the first place.

█ King Reid Shows argues that the Village exceeded the authority granted to it in the enabling act when it imposed the license fee of $10.00 per day on each individual show, exhibit, or riding device operated by King Reid Shows within the Village. In support of this argument, King Reid Shows maintains that 31 V.S.A. § 401 permits only a single license fee to be imposed upon all of its shows, exhibits, and amusements. The construction of 31 V.S.A. § 401 argued for by King

Reid Shows is too narrow for it ignores the fact that the term "show" as it is used in that section, is defined as being any show set forth in 32 V.S.A. §§ 9905 and 9906. In 32 V.S.A. §§ 9905 and 9906 many, though not all, of the individual rides and shows operated by King Reid Shows are set forth with specificity. Thus, it is clear that through 31 V.S.A. § 401 authority exists to assess a fee for each individual ride or show of King Reid Shows found in 32 V.S.A. §§ 9905 and 9906. As to those shows not set forth in 32 V.S.A. §§ 9905 and 9906, it must be remembered the Village also has enabling authority to issue licenses under 24 V.S.A. § 2291(11), and as a result the remainder of the shows and concessions are properly subject to the Village's ordinance. For these reasons, the $10.00 per day license fee for each show, ride, or exhibit is within the authority conferred upon the Village by the legislature.

■ ■ In spite of the fact the $10.00 per day license fee is within the range found by the legislature to be reasonable for the Village to assess, King Reid Shows attacks it as being excessive in relation to the cost of the regulatory services the Village provides to the fair. In support of this argument, King Reid Shows merely states the total revenue raised and its impact upon its operations.

The burden of proof is upon King Reid Shows to show the excessiveness of the license fees in relation to the cost of the regulatory services. See *Vermont Salvage Corp.* v. *Village of St. Johnsbury, supra,* 113 Vt. at 350. The evidence presented by King Reid Shows on this point fails to show what the cost to the Village is of providing the fire and police services to the fair. For this reason, King Reid Shows has failed to meet its burden of proof, and this Court must presume the license fee to be reasonable. 9 E. McQuillen, Municipal Corporations § 26.34, at 81 (3d ed. rev. F. Ellard 1964).

Under these circumstances, King Reid Shows takes nothing by its claim of excessiveness of the license fees. Furthermore, King Reid Shows is liable for the license fees on each ride and concession under its management since, as it admits in its brief, it is the operator of each ride and concession and the one, under the ordinance, on whom the liability for the license fees attaches.

456

■ King Reid Shows also raises the contention that it is exempt from these license taxes because it is engaged in interstate commerce. However, King Reid Shows does not in any way show how this ordinance discriminates against it as a non-resident entertainment enterprise by placing upon it a burden to which a similar entertainment enterprise which resides within this State is not subject. Without such showing, we find no violation of the Interstate Commerce Clause of the United States Constitution. *Olan Mills, Inc.* v. *City of Barre,* 123 Vt. 478, 485–87, 194 A.2d 385 (1963); *State* v. *Harrington,* 68 Vt. 622, 630, 35 A. 515 (1896).

King Reid Shows also maintains that its rides and concessions are an integral part of Champlain, and, reiterating its argument that Champlain may not be taxed by the Village, concludes that it may not be taxed either, citing *Carswell* v. *State,* 118 Fla. 72, 159 So. 15 (1935). In that case, an association, which was statutorily exempt from all forms of taxation under the laws of Florida, held an annual fair. Upon the fairgrounds where this fair was held were located certain rides and concessions. These rides and concessions were "the property of and being operated exclusively by and as the property of the said . . . Association". *Id.,* 159 So. at 17. However in the present case, the rides and concessions of King Reid Shows were being operated exclusively by and as the property of King Reid Shows for its own profit and not for the direct benefit of Champlain. The *Carswell* case, therefore, is not controlling and the reasoning of it is not applicable to the situation at hand.

■ It is also urged that the county court committed error in that it failed to find certain of the facts stipulated to by the parties. However, there has been no showing of any prejudicial effect by way of the court's failure to find all the facts. Without such showing of prejudice, nothing is taken by such claim of error. *Town of Westford* v. *Kilburn,* 131 Vt. 120, 127, 300 A.2d 523 (1973).

*For the reasons stated in the opinion, the granting of injunctive relief to Champlain Valley Exposition, Inc., and the denial of injunctive relief to Harry F. Koch, d/b/a King Reid Shows, by the Chittenden County Court are affirmed.*

### On Motion to Reargue

**Daley, J.** The appellant, Harry F. Koch, d/b/a King Reid Shows, has moved this Court for permission to reargue under V.R.A.P. 40. The appellant maintains that under the ordinance which he challenges the appellee admitted it was licensing for revenue purposes only.

However, the posture of this case as presented on appeal presented no evidentiary support to condemn the ordinance as a revenue raising device rather than a regulating measure. For that reason, this Court did not pass upon any challenge to the ordinance on that ground.

The remainder of the motion attempts to re-examine an issue already fully decided using a new theory not presented in the briefs upon the original argument. This is not proper for our consideration under the office of reargument. V.R.A.P. 40; *Griffin* v. *Griffin*, 125 Vt. 425, 439, 217 A.2d 400 (1966).

*Motion for reargument denied. Let full entry go down.*