**Champlain Valley Exposition, Inc., Rodney Pennycook, and David A. Harrington v. Village of Essex Junction**

[333 A.2d 89]

No. 152-74

Present: Barney, C.J., Smith, Keyser, Daley, and Larrow, JJ.

Opinion Filed February 5, 1975

214

*Schuppin, Geier & Paradis,* Essex Junction, for Plaintiffs.
*Ewing & Spokes,* Burlington, for Defendant.

**Barney, C.J.** This case involves a license fee assessed by the defendant village under an ordinance upon certain persons who operate stalls selling personal articles at retail at Champlain Valley Exposition. David A. Harrington and Rodney Pennycook have been subjected to such a claim of licensing and are the true plaintiffs here. The Exposition began the action as an injunctive proceeding to bar the licensing, but being unable to show damage, is no longer a party, being without standing. The other plaintiffs pursued the litigation in superior court. After hearing and findings, that court denied injunctive relief and validated the exercise of the licensing authority.

The findings, based on stipulated facts, reveal that the plaintiff Pennycook displays and sells ornamental fish, supplies, and aquariums, and Harrington displays and sells fireplace equipment. Both plaintiffs are also proprietors of retail stores selling the same wares in the Village of Essex Junction itself. Other licensees sell such things as costume jewelry, kitchenware, clothing, leather goods, arts and craft items, household items, and various novelties. None of them have plays, concerts, entertainment, or exhibitions of any kind for which money is received. Some do, however, carry on demonstrations of use or manufacturing processes of the items they sell. Some of the products are sold in retail stores in Essex Junction, and some are not.

The ordinance imposes a license fee of ten dollars per day for each day the stall or booth is in operation during the fair. Retail stores in Essex Junction pay no such license fee, but do pay personal property taxes on their inventory. The question is whether such licensing is proper under the statutes claimed to authorize it.

The village relies on 24 V.S.A. § 2291(11) to validate its ordinance. The applicable language provides:

> For the purpose of promoting the public health, safety, welfare and convenience, a town, city or incorporated village shall have the following powers:
>
> . . . .
>
> (11) To regulate, license, tax or prohibit circuses, carnivals and menageries, and all plays, concerts, entertainments or exhibitions of any kind for which money is received.

It is the position of the defendant village that the activities of these plaintiffs are clearly encompassed within the language allowing licensing of "exhibitions of any kind for which money is received." Since the object of the displays and demonstrations is to attract persons to purchase products, the village contends that the receipt of money is sufficiently involved. The trial court accepted this position.

The plaintiffs claim that the village has misconstrued the authority granted under the enabling statute, 24 V.S.A. § 2291. Further, they say, the ordinance itself is discriminatory in that retail stores selling like items in the village are not required to be so licensed. Also, they point out that the license fee is used for general revenue purposes, and not for implementation of the regulatory function of that statute.

The argument of the plaintiffs relating to the limitations on the village's right to license under 24 V.S.A. § 2291 encompasses certain other statutory provisions. 31 V.S.A. § 401 reads as follows:

> Selectmen may permit the exhibition in their town of any show mentioned in sections 9905 and 9906 of Title 32, on payment by the owners or operators thereof, for the use of the town, of not more than $100.00 nor less than $10.00 for every day on which exhibitions are given in such town.

32 V.S.A. §§ 9905 and 9906 relate to a "circus, menagerie, or combination thereof, wild west show, or an itinerant show not exhibited in a theatre, opera house or other permanent place for public shows" or other individual shows, exhibits, or rid-

ing devices performing at or in the vicinity of a street or carnival show or on any fairgrounds. These sections are followed by 32 V.S.A. § 9907:

> A fee of $5.00 per week is hereby imposed upon every person owning or operating a concession stand for the sale of any service, goods, wares or merchandise at or in the vicinity of such street or carnival show or on any fairground.

The authority to license given by 31 V.S.A. § 401 does not extend to 32 V.S.A. § 9907. This, in the light of the requirements of in para materia construction, *Champlain Valley Exposition* v. *Village of Essex Jct.*, 131 Vt. 449, 454, 309 A.2d 25 (1973) gives rise to two reinforcing considerations.

The first is that in 32 V.S.A. § 9907 the State of Vermont allocated to itself the licensing of the very kind of booths or concessions operated by these plaintiffs by describing their "sale of goods" function in particular and apt language, without putting them within the scope of 31 V.S.A. § 401.

The second is that the references to circuses, carnivals and menageries in 24 V.S.A. § 2291 obviously parallels identical references in 32 V.S.A. §§ 9905 and 9906, and classifies the activities for which authority to license is intended as those involving the receipt of money in return for the viewing of the entertainment or exhibition itself, rather than through the sale of goods. In that light the application of the ordinance to these plaintiffs' merchandising activities is beyond the scope of the statutory authority of 24 V.S.A. § 2291(11) accorded municipalities.

In this view of the matter we are not required to deal with questions relating to claims of discrimination or use for revenue purposes.

*The cause is reversed and remanded for further proceedings relating to injunctive relief not inconsistent with the views expressed in the opinion.*