Brendan S. KELEHER, Treasurer of the City of Burlington, Vermont, in his official capacity, and the City of Burlington

v.

NEW ENGLAND TELEPHONE & TELEGRAPH CO.

Civ. A. No. 90–290.

United States District Court, D. Vermont.

Jan. 3, 1991.

Joseph E. McNeil, McNeil & Murray, John L. Franco, Jr., Office of City Atty. of Burlington, Vt., Burlington, Vt., for plaintiffs.

Charles E. Finberg, R. Allan Paul, Neal D. Ferenc, Paul, Frank & Collins, Inc., Burlington, Vt., for defendant.

OPINION AND ORDER

PARKER, District Judge.

In this diversity action, the City of Burlington (City) sued New England Telephone & Telegraph Company (NET) for a declaratory judgment and to recover fees due the City under the terms of the Street Franchise Fee Ordinance, Burlington Code of Ordinances Article VI, enacted on June 11, 1990. The ordinance provides that, absent an agreement with the City, telephone companies using city streets for poles, wires or other facilities must pay a franchise fee to the City of 2.5 percent of gross revenues received from sales and services within the City. NET moved to dismiss the complaint, contending that the ordinance is not authorized by the Burlington City Charter. We agree.

The ordinance was enacted pursuant to § 48 XL of the City Charter, which grants to the City Council the power:

[t]o fix, demand, impose and enforce such terms conditions and regulations for the use or occupation of any street or highway in said city [Burlington] by any ... telephone ... company ... as shall be just and reasonable, including any sum or sums of money to be paid to said city for the use of any street or highway ... for the purpose of therein erecting and maintaining any poles, wires or any other apparatus in or under the surface of said street....

■ The Charter is an act of the Vermont General Assembly. Act to Amend the Charter of the City of Burlington, Pub.Act No. 298, Title I, 1949 Vt. Laws 269, 283. "A municipal corporation is a

creature of the Legislature, and it possesses only such powers or rights as are expressly granted to it by the Legislature, or fairly implied in or incident to those expressly granted because necessary to carry the latter into effect." *E.B. & A.C. Whiting Co. v. City of Burlington,* 106 Vt. 446, 460–61, 175 A. 35 (1934). In a recent decision, the Vermont Supreme Court wrote:

> We have consistently adhered to the so-called Dillon's rule that "a municipality has only those powers and functions specifically authorized by the legislature, and such additional functions as may be incident, subordinate or necessary to the exercise thereof." *Hinesburg Sand & Gravel Co. v. Town of Hinesburg,* 135 Vt. 484, 486, 380 A.2d 64, 66 (1977). Dillon's rule calls for a strict construction of municipal function: "[I]f any fair, reasonable, substantial doubt exists concerning this question it must be resolved against the [grant of power]." *Valcour [v. Village of Morrisville],* 104 Vt. [119,] 130, 158 A. [83,] 86 [ (1932) ].

*Petition of Ball Mountain Dam Hydroelectric Project,* —— Vt. ——, 576 A.2d 124, 126 (1990). "The general rule is that the charter of a municipal corporation is to be strictly construed against it; the presumption being that the Legislature granted in clear and unmistakable terms all that it intended to grant." 106 Vt. at 461, 175 A. 35.[1] We must therefore decide if § 48 XL, read narrowly, grants to the City Council the power to charge NET 2.5 percent of its gross receipts for the use of Burlington streets.

■ NET argues that the ordinance imposes a tax and that § 48 XL does not authorize the imposition of a tax; it limits the City to charging NET for the costs of administration and regulation of NET's facilities. See *Vermont Salvage Corp. v. Village of St. Johnsbury,* 113 Vt. 341, 350, 34 A.2d 188, 194 (1943). The City responds by insisting that the ordinance imposes not a tax but a franchise or rental fee. See *City of Burlington v. Mountain Cable Co.,* 151 Vt. 161, 166, 559 A.2d 153, 156 (1988) ("The exaction of a fee in exchange for use of the public streets is a franchise."). The City concedes that the ordinance was enacted for the purpose of raising revenue and that the 2.5 percent fee is not geared to the costs of regulating NET's use of the streets, but contends, nonetheless, that a franchise fee may have such general revenue-raising characteristics.

The City correctly points out that in *Erie Telecommunications, Inc. v. City of Erie,* 659 F.Supp. 580 (W.D.Pa.1987), cited by Chief Justice Allen in the *Mountain Cable* decision, the Federal District Court for the Western District of Pennsylvania held that "a local governmental entity possesses the authority to grant the use of the public rights-of-way in return for franchise fees which exceed the entity's administrative or regulatory costs attendant to the grant." 659 F.Supp. at 594. It does not follow, however, that the Burlington Charter provision at issue authorizes franchise fees which exceed the City's administrative or regulatory costs attendant to NET's use of the city streets. *Mountain Cable*'s citation to the *Erie* case, for the general proposition that the exaction of a fee in exchange for a utility's use of the public streets may be characterized as a franchise, certainly does not compel us to read § 48 XL of the Charter as granting revenue-raising authority, as the City urges. *Erie* was in any event concerned with the

---

**1.** The City argues that the rules and presumptions stated in *Whiting* and *Ball Mountain* are overcome by § 49 of the City Charter, which provides: "The city council may make, alter, amend or repeal any ... ordinances which it may deem necessary and proper for carrying into execution the foregoing powers *or for the well-being of said city,* and which shall not be repugnant to the constitution or laws of this state...." (Emphasis added.) The Street Franchise Fee Ordinance, however, was expressly "adopted pursuant to the Charter of the City of Burlington Section 48, Subsection XL." Burlington Code of Ordinances § 27–109. Thus we are faced with the relatively narrow question whether the ordinance is "necessary and proper for carrying into execution" the powers delegated in § 48 XL; as to the scope of those powers, *Whiting* and *Ball Mountain* certainly apply. Nevertheless, we express doubts as to the validity of any ordinance whose authority rests not on expressly delegated powers but solely on the "well-being" of the city under § 49 of the Charter.

*constitutionality* of a municipality's authority to rent the public streets to a commercial enterprise, not with the scope of the *legislative* grant of such authority—the issue in this case. The court in *Erie* never considered whether the City of Erie's ordinance was a proper exercise of authority under that city's charter or other legislative grant of power.

Nomenclature should not mislead us. The question before the Court is not whether the fees imposed under the City ordinance are properly labeled "franchise fees" —for that they are under *Mountain Cable.* Nor is the question whether the ordinance was enacted under the City's taxing, police, or proprietary authority, a matter vigorously debated by the parties. The question, rather, is whether the Charter grants the power to exact from utilities using city streets a fee that is intended to raise general revenues for the City. Thus it is the character and purpose of the fee that concerns the Court.

We believe the language of § 48 XL, strictly construed, simply does not permit the City Council to charge a fee of the sort described. Section 48 XL authorizes the Council to enforce "just and reasonable" "terms, conditions and regulations" for NET's use of Burlington streets. Among these are "sums of money to be paid to said city for the use of any street." No other reference to fees is included in the provision. Read narrowly, the article allows the collection of money only in amounts justly and reasonably related to the City's costs of administering NET's use of the streets. The City would construe § 48 XL as giving it the power to raise revenue by charging utilities rent or a franchise fee not linked to the cost to the City of regulating the utilities' use or occupancy of the streets. Such a power, however, is neither "expressly granted to it by the Legislature, [n]or fairly implied in or incident to those expressly granted because necessary to carry the latter into effect." *Whiting Co.,* 106 Vt. at 461, 175 A. 35. Cf. *Champlain Valley Exposition, Inc. v. Village of Essex Junction,* 131 Vt. 449, 453, 309 A.2d 25, 28 (1973) (power to tax carnivals under 24 V.S.A. § 2291 limited to statutory purpose of promoting public health and welfare; ordinance which imposed tax on admissions for sole purpose of raising revenue held invalid).

In light of the foregoing, the Court need not address NET's additional constitutional challenges to the Street Franchise Fee Ordinance.

Insofar as the complaint states a claim for payment of fees pursuant to the Burlington Street Franchise Fee Ordinance, NET's motion to dismiss is granted. Insofar as the complaint seeks declaratory relief, judgment is entered in favor of NET.