Stephen POLLAK, et al. v. CITY OF BURLINGTON

[608 A.2d 659]

No. 90-422

March 5, 1992. Stephen Pollak and other landlords appeal a judgment dismissing their complaint on the ground that Burlington was authorized to charge them a particular fee to pay the cost of its minimum housing program and that the amount of the fee reasonably reflected the cost of the program.

On February 1, 1988, the City of Burlington amended its minimum housing ordinance by adopting a fee charged to owners of rental housing. Included in the fee, in addition to the cost of inspections, was the cost of providing support services to the housing board of review and educational and mediation services provided to landlords and tenants.

Plaintiffs claimed first that the amendment was not permitted by the enabling legislation, which states:

For the purposes of promoting the public health, safety, morals or general welfare, and for the purpose of making dwellings and dwelling premises safe, sanitary and fit for human habitation, a municipality may adopt, amend and revise an ordinance for the establishment and enforcement of minimum standards for dwellings.

24 V.S.A. § 5003(a). Although § 5003(a) does not specifically grant the authority to charge a fee, this Court has adopted the widely accepted view that authority given to a municipality to enact ordinances regulating businesses includes by implication the authority to charge a reasonable regulatory fee to cover the cost of the regulation. *Vermont Salvage Corp. v. Village of St. Johnsbury*, 113 Vt. 341, 349–50, 34 A.2d 188, 193–94 (1943).

Moreover, the Legislature has directed that the law "shall be construed most favorably to municipalities, its intention being to give them the fullest and most complete powers possible concerning the subject mat-

ter hereof." 24 V.S.A. § 5009. Thus, the city is mandated to create and maintain a housing board of review empowered to hear and resolve disputes arising out of the enforcement of municipal housing code ordinances. 24 V.S.A. § 5005. As part of its minimum housing program, the city has a security deposit provision. City of Burlington, Code of Ordinances, Chapter 18, § 18–120. Disputes arising under that ordinance, therefore, are required by § 5005 to be resolved by the housing board of review. Since the housing board of review was intended by the Legislature to be an integral part of a municipality's regulatory scheme, the costs incurred by the board, including support services, are properly included in the regulatory fee. See *Greenacres Apartments, Inc. v. Bristol Township*, 85 Pa. Commw. 572, 575–77, 482 A.2d 1356, 1359 (1984).

Although plaintiffs concede that nonpayment of rent may be related to habitability, they argue that the funding of education and mediation services is so unrelated to housing standards that the fee should not cover their cost. Those services, however, constitute adherence by the city to its mandate under the legislation to maintain, as well as establish, standards. The city's legislative body concluded that the service provided to landlords and tenants would reduce the incidence of substandard dwellings and decrease controversies requiring resolution by the housing board of review. In light of the well-established judicial deference given to legislative findings, the trial court properly disposed of the issue.

Plaintiffs also contend that in determining whether the revenue generated by the fee reasonably reflected the cost of implementing the regulation, the trial court excluded evidence of revenue available from another but related regulatory program. They argue that revenue previously provided to or generated by the Inspection Services Division from building permits and the like generated a surplus that should be considered as available to fund the minimum housing program, thereby making the minimum housing fee unnecessary. In support of their argument, plaintiffs sought to introduce evidence of the budget of the Inspection Services Division. The trial court found that the budget of the Inspection Services Division was unrelated to that of the minimum housing program and therefore was irrelevant in determining the reasonableness of the minimum housing fees charged.

While a regulatory fee should be set to reasonably reflect the cost of administering the particular regulation, *Champlain Valley Exposition, Inc. v. Village of Essex Junction*, 131 Vt. 449, 455, 309 A.2d 25, 29 (1973), courts are obliged to presume that a regulatory fee is reasonable, and the burden of proof is upon the party attacking the fee to show that it is excessive in relation to the cost of the regulatory services. *Id.* Fees from other regulatory programs, however, may not be used to subsidize the cost of another program. *Vermont Salvage Corp.*, 113 Vt. at 350, 34 A.2d at 194. Thus, evidence of revenue to the Inspection Services Division from sources other than the minimum housing program fee was properly excluded.

*Affirmed.*