In re **RICHARD ROBERTS GROUP, INC.**, **Tamarack Associates, Brown Farm Associates and William Legrow, Declaratory Ruling #225 (Remand)**

[640 A.2d 46]

No. 93-298

February 1, 1994. Richard Roberts Group, Inc. appeals a decision of the Vermont Environmental Board which denied it a refund of its Act 250 application fee. The refund was denied under the Board's rule that states: "In the event that an application is withdrawn prior to the convening of a hearing on the merits, the Environmental Board, shall, upon request, refund . . . all of that portion of the fee paid in excess of $1,000." EBR 11(D). We reverse.

In 1988, Roberts applied for an Act 250 permit and paid an application fee of $96,450, which was based upon the estimated construction cost of the project. Thereafter, District #2 Commission held a party status hearing on June 14, 1988, and conducted a site visit on June 28, 1988. After these hearings, Roberts requested, and was granted, a recess of the application process.

On December 22, 1989, Roberts filed an amended application for a redesign of the project that was substantially smaller than the original proposal. Roberts requested a refund of $89,653, reflecting the difference in cost between the original project and the amended project. After a denial of the refund on the ground that Roberts had not properly "withdrawn" its application and a reversal and remand by this Court, *In re Richard Roberts Group, Inc.*, No. 91-358 (Aug. 7, 1992), the Board again denied a refund, construing the June 14 party status hearing to be a "hearing on the merits."

The purpose of the June 14 hearing was to determine whether adjoining property owners were entitled to party status because the project had a direct effect on their property under the Act 250 criteria. 10 V.S.A. § 6085(c). The Board reasoned that the June 14 party status meeting was a "hearing on the merits" because the legal rights of adjoining landowners to participate in the Act 250 process had been decided. We disagree.

Many judicial decisions affect legal rights in one way or another. Applying the Board's rationale, virtually every decision that is binding on the parties would render the preceding hearing to be "on the merits." But applied as a legal "term of art," a "hearing on the merits" is necessarily limited to hearings held to determine the applicant's entitlement to an Act 250 permit under 10 V.S.A. § 6086.

Likewise, as the Board determined, the June 28 site visit was not a hearing on the merits. The District Commission did not take testimony on June 28. Moreover, the Commission did not return to the hearing room to record their observations from the site visit although observations upon which the fact-finder intends to rely must be placed in the record. *In re Quechee Lakes Corp.*, 154 Vt. 543, 552, 580 A.2d 957, 962 (1990). For these reasons, we agree with the Board that the site visit did not constitute a "hearing on the merits."

Even if a hearing on the merits were convened, we would be reluctant to approve the denial of a refund under the circumstances here. There was a vast disparity between the fee the Board wished to keep and the burden on the permitting process. Arguably, this enrichment fails to comply with the doctrine that administrative fees be reasonably related to the cost of the governmental function. *Pollak v. City of Burlington*, 158 Vt. 650, 608 A.2d 659 (1992). The Board may wish to review its rule and amend it to add a greater degree of flexibility.

*Reversed.*