VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT 05401
802-951-1740
www.vermontjudiciary.org



Docket No. 22-ENV-00061

| O'Brien Farm Road, LLC Appeal |
| --- |

## DECISION ON MOTIONS

Title:       Motion to Compel (Motion: 3)
Filer:       Matthew B. Byrne, Esq.
Filed Date:  September 6, 2023

Vermont Natural Resources Board Opposition to Motion to Compel filed by Alison Milbury Stone, Esq. on September 27, 2023.

Applicant's Reply to Memorandum in Opposition to Motion to Compel filed by Matthew B. Byrne, Esq. on October 12, 2023.

**The motion is GRANTED IN PART and DENIED IN PART**.

This is an appeal of a District #4 Commission (the Commission) decision imposing a $90,640.25 permit application fee for a minor amendment application on O'Brien Farm Road, LLC (Applicant) in relation to a mixed-use development in South Burlington, Vermont, including 118 units of housing and six residential/mixed-use lots (the Project). The minor amendment is for the construction of parts of the Project, including two 47-unit buildings on two previously approved lots.

In a March 9, 2023 Decision, this Court concluded that the Commission could levy a fee for the application pursuant to 10 V.S.A. § 6083a. See In re O'Brien Farm Road, LLC, No. 22-ENV-00061 (Vt. Super. Ct. Envtl. Div. Mar. 9, 2023) (Walsh, J.). In so concluding, we noted that the purpose of Act 250 permit fees was to allow the State to recoup costs associated with administering Act 250. Id. at 8. Having reached this conclusion, the amount of the fee remains at issue.

The parties are working through discovery. Presently before the Court is Applicant's motion to compel the Vermont Natural Resources Board (NRB) to respond to certain discovery

requests. Specifically, Applicant's motion addresses Document Requests 4 through 6 and Interrogatories 2 through 4 and 16. For the reasons set forth herein, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**Discussion**

Generally, the allowable scope of discovery in litigation is very broad, with parties being permitted to make inquires "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." V.R.C.P. 26(b)(1). Further, even if a discovery request addresses or targets information that would be inadmissible at trial, the discovery may be allowable, "if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Id.

Prior to addressing the specific discovery requests at issue, we first address the parties dispute as the relevancy of the sought information. In general, the requests seek information and documents related to the scope of the NRB's review of the pending application, including the fee waiver request. NRB argues that this information is irrelevant, as the only relevant pieces of evidence in this action are the original master plan application and the current application and that, in the Court's de novo review, these documents are all that the Court would need to determine the reasonability of the fee imposed.

While we note that this Court reviews the appeal de novo, Applicant in this matter has the burden of proof "to show that [the fee] is excessive in relation to the cost of the regulatory services." Pollak v. City of Burlington, 158 Vt. 650, 651 (1992). Thus, the amount of regulatory services that the NRB performed is directly relevant to this appeal. Conversely, the specific content of the services is irrelevant because the fee is related to the cost of the services, not the content thereof.[1] Thus, there can be information and/or documents outside of the scope of the two applications that could be relevant in this action.

---

[1] In reaching this conclusion, the Court need not fully address the parties' dispute related to the applicability of deliberative process privilege. We do note it is unclear whether Vermont has adopted the deliberative process privilege. See Lanpher v. Town of Morristown, No. 20-2-Lecv, slip op. at 1 (Vt. Super. Ct. Aug. 31, 2017) (Carleson, J.); see also Prof'l Nurses Serv. v. Smith, No. 732-12-04 Wncv (Vt. Super. Ct. July 14, 2005) (Katz, J.). Given the Vermont Supreme Court's decision in Rueger v. Nat. Res. Bd., 2012 VT 33, 191 Vt. 429, however, in the applying public records law to prevent the production of quasi-judicial deliberative material of the NRB, it appears likely to this Court that the privilege would be extended in the context of discovery. Given the Court's conclusion on the scope of relevancy

Having reached this conclusion, we address the specifically cited discovery requests.

Interrogatory 2 asks the NRB to "[i]dentify how much time each person or entity identified in response to Interrogatory #1 spent working on the O'Brien Amendment Application." The NRB objects but responds stating that the NRB does not have a way to track hours worked on any given application. The Court fails to see how it can compel the NRB to answer this interrogatory substantially more beyond what was provided. The NRB does not retain a system to track employee hours on an application basis. This is an answer to this interrogatory. Applicant would prefer there to be a quantified number associated with its application and such an hourly tracking system could be very helpful in appeals such as this. There is not, however, and Applicant will need to build its case using other means.[2]

Interrogatory 3 asks the NRB to "[i]dentify all documents related to the O'Brien Amendment Application." This is substantially similar to Document Requests 4 through 6.[3] Because the NRB does not maintain a system to track the hours it spends on an application, the existence of documents could be evidence of the amount of regulatory services rendered.[4] Even so, the content of those documents is irrelevant to the amount of regulatory services performed and is potentially privileged. Thus, the NRB must respond to these requests. That said, given the needs of the case, the potential privilege concerns, we conclude that such a response can be akin to a privilege log, identifying the document, its type and length or producing the redacted documents themselves.

Interrogatory 4 asks the NRB to "[i]dentify what new work was done for the O'Brien Amendment Permit." The NRB objects to the request, but notwithstanding the objection, provides a narrative understanding of the work that was performed. This narrative is relevant,

---

in this appeal and its order set forth below, the NRB need not provide documents or information that specifically address the substance of its deliberations in this action.

[2] We note that the NRB has generally described the administrative requirements of reviewing the pending application in its response to Interrogatory 4.

[3] These Requests seek (4) "Any Documents related to the level of effort put into the O'Brien Amendment Permit;" (5) "Any Documents related to the O'Brien Amendment Permit, including without limitation any emails concerning the O'Brien Amendment Permit or the request to waive or reduce the fee;" and (6) "Any Documents used or relied upon in answering the Interrogatories."

[4] We note, however, that some review may not generate any documentation and therefore the amount of documents generated may not itself be dispositive in this case.

particularly due to the lack of internal time keeping at the NRB, to understand the scope of work performed. To the extent that the NRB can provide further information as to the specific tasks performed in reviewing the amendment application without overstepping into the deliberative privilege, the Court directs the NRB to do so.

Finally, Interrogatory 16 asks the NRB to "[d]etail what the [Commission] considered when it applied 10 V.S.A. § 6086a(f)." This inquiry is not relevant on appeal. Applicant's burden in this matter is to demonstrate that the fee was excessive in relation to the costs of regulatory services performed. Pollak, 158 Vt. at 651. Thus, the purpose of this Court's review is to examine the reasonableness of the fee imposed, not the substance of the deliberative process by which the NRB determined the scope of the fee waiver. The NRB has provided and, as set forth herein, will provide additional information as to the scope of the regulatory services it provided relative to the application. The NRB need not provide substantive information as to the considerations it made when reviewing the waiver application.

The Court notes that Applicant's motion also addresses guidance for depositions. Appropriate scope of inquiry would include the amount of agency time spent on this application and what tasks were required to complete review. Inappropriate topics would include those related to the substance of the deliberative process and the substance of considerations made in relation to the fee waiver.

## Conclusion

For the reasons set forth herein, Applicant's motion is **GRANTED IN PART** and **DENIED IN PART**. The NRB shall provide subsequent responses as directed herein by November 22, 2023.

Electronically signed October 25, 2023 in Hyde Park, Vermont pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division