[No. 55365-8-I.   Division One.   February 13, 2006.]

THE STATE OF WASHINGTON, *Respondent*, v. KEITH BURLIN FISHER, *Appellant*.

*Eric Broman* and *Dana M. Lind* (of *Nielsen, Broman & Koch, P.L.L.C.*) and *Catherine L. Floit*, for appellant.

*Janice E. Ellis, Prosecuting Attorney*, and *Charles F. Blackman, Deputy*, for respondent.

¶1 COLEMAN, J. — While conducting a pat-down search of Keith Fisher, a sheriff's deputy found a glass pipe with residue. The deputy arrested Fisher for possession of drug paraphernalia. Snohomish County Code (SCC) 10.48.020 prohibits possession of drug paraphernalia with intent to use. The deputy conducted a search incident to arrest and found baggies with methamphetamine on Fisher's person. Fisher was convicted of possession of a controlled substance.

¶2 Fisher argues that the deputy lacked probable cause to make an arrest for possession of drug paraphernalia with intent to use. He also argues that SCC 10.48.020 is preempted by and in conflict with the state's Uniform Controlled Substances Act (Act), chapter 69.50 RCW. He contends that because the arrest was invalid, evidence from the search incident to arrest should have been suppressed. We affirm.

¶3 The burnt residue in the pipe warranted a belief that Fisher had an intent to use the pipe to inhale a controlled substance. The Act does not preempt SCC 10.48.020, because the state statute contemplates the existence of local ordinances relating to controlled substances. SCC 10-.48.020 does not conflict with the Act because the state law does not license the possession of drug paraphernalia with intent to use.

## FACTS

¶4 On August 4, 2004, Snohomish County Sheriff's Deputy Mike Wilson and another officer encountered Keith Fisher and two other men while investigating a possible disturbance at a local park. Wilson recognized Fisher and

knew that Fisher had a criminal history and was a suspect in a recent theft of a firearm.

¶5 With Fisher's assent, Wilson conducted a pat-down search for weapons. He detected in Fisher's pants pocket an object that Fisher said was a pipe. Wilson removed it and saw that it was a glass pipe with a bulb at one end and burnt residue. He recognized the pipe as drug paraphernalia. Fisher stated that the pipe was not his. Wilson arrested him for possession of drug paraphernalia. SCC 10.48.020 prohibits possession of drug paraphernalia with intent to use.

¶6 Wilson conducted a search incident to arrest. He found a baggie containing 13 smaller baggies. Five of the smaller baggies contained a white powder residue. The white powder residue tested positive for methamphetamine. The State charged Fisher with possession of a controlled substance.

¶7 Prior to the trial for the charge for possession of a controlled substance, Fisher moved to suppress the evidence. The trial court ruled that state law did not preempt or conflict with the nonpunishment provisions of SCC 10-.48.020, and it denied Fisher's motion. Fisher was tried and convicted. He appeals.

## ANALYSIS

¶8 We begin by analyzing Fisher's claim that the sheriff's deputy lacked probable cause to make an arrest for possession of drug paraphernalia with intent to use and that the subsequently gathered evidence should have been excluded. "Probable cause exists where the facts and circumstances within the arresting officer's knowledge and of which the officer has reasonably trustworthy information are sufficient to warrant a person of reasonable caution in a belief that an offense has been committed." *State v. Terrovona*, 105 Wn.2d 632, 643, 716 P.2d 295 (1986). Fisher argues that his possession of the glass pipe was insufficient to create probable cause for possession with intent to use.

He contends that possession with intent must involve evidence of intent beyond mere possession and that the facts of his arrest do not present such evidence. *See State v. Goodman*, 150 Wn.2d 774, 783, 83 P.3d 410 (2004) ("[M]ere possession of a controlled substance is generally insufficient to establish an inference of intent to deliver."). The circumstances of the deputy's encounter with Fisher, however, provide evidence beyond mere possession. The pipe contained burnt residue. Fisher told the deputy that the pipe was not his but gave no other explanation for the pipe's presence on his person. The lack of explanation gave the deputy reasonable grounds to disbelieve Fisher's denial. Because the pipe was on Fisher's person and because it had been used to inhale a controlled substance, it was reasonable to conclude that Fisher possessed it with the intent to use it in the future. The deputy had probable cause to arrest Fisher.

¶9 We next analyze Fisher's argument that the Act preempts and conflicts with SCC 10.48.020 and that SCC 10.48.020 conflicts with the Act. The Act makes it unlawful for persons to use drug paraphernalia to consume illegal substances but does not prohibit the possession of drug paraphernalia with an intent to use. RCW 69.50.412(1).[1] *See State v. O'Neill*, 148 Wn.2d 564, 584 n.6, 62 P.3d 489 (2003). The Act also provides that state law fully occupies and preempts the field for penalties for violations of the Act and that county ordinances for drug offenses must be consistent with state law. RCW 69.50.608.[2] Snohomish

---

[1] "It is unlawful for any person to use drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance. Any person who violates this subsection is guilty of a misdemeanor." RCW 69.50.412(1).

[2] "The state of Washington fully occupies and preempts the entire field of setting penalties for violations of the controlled substances act. Cities, towns, and counties or other municipalities may enact only those laws and ordinances relating to controlled substances that are consistent with this chapter. Such local ordinances shall have the same penalties as provided for by state law. Local laws and ordinances that are inconsistent with the requirements of state law shall not be enacted and are preempted and repealed, regardless of the nature of the code,

County's municipal code makes unlawful the possession of drug paraphernalia with intent to use. SCC 10.48.020.[3]

¶10 Fisher first argues that the Act preempts the Snohomish County ordinance. We disagree. Under article XI, section 11 of the Washington Constitution,[4] "cities have the right to enact ordinances prohibiting the same acts prohibited by state law so long as the state enactment was not intended to be exclusive and the city ordinance does not conflict with the general law of the state." *City of Tacoma v. Luvene*, 118 Wn.2d 826, 833, 827 P.2d 1374 (1992). A local ordinance must yield to a state statute "if the statute preempts the field, leaving no room for concurrent jurisdiction, or if a conflict exists between the two that cannot be harmonized." *Luvene*, 118 Wn.2d at 833.

¶11 In *Luvene*, our Supreme Court ruled that RCW 69.50.608 does not preempt the field of criminalization of drug-related activity. The statute "expressly contemplates the existence of 'ordinances relating to controlled substances that are consistent' with the [Act]." *Luvene*, 118 Wn.2d at 834 (quoting RCW 69.50.608). RCW 69.50.608 preempts only the setting of penalties for acts that violate the Act. *Luvene*, 118 Wn.2d at 834. SCC 10.48.020 is not inconsistent with the Act merely because it criminalizes possession of drug paraphernalia with intent to use and the state law does not. For this reason, the Act does not preempt the nonpenalty portion of SCC 10.48.020.

¶12 Fisher also contends that SCC 10.48.020 conflicts with the Act. " 'In determining whether an ordi-

charter, or home rule status of the city, town, county, or municipality." RCW 69-.50.608.

[3] "It is unlawful for any person to use, or to possess with intent to use, any item of drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this act. Any person who violates this section is guilty of a misdemeanor and upon conviction may be imprisoned for not more than 90 days or fined not more than $500.00, or both." SCC 10.48.020.

[4] "Any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws." WASH. CONST. art. XI, § 11.

nance is in "conflict" with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa.' " *Luvene*, 118 Wn.2d at 834-35 (internal quotation marks omitted) (quoting *City of Bellingham v. Schampera*, 57 Wn.2d 106, 111, 356 P.2d 292 (1960)). A local ordinance prohibiting certain behavior conflicts with a state statute only when the language of the state statute expressly or implicitly permits the behavior. *See State ex rel. Schillberg v. Everett Dist. Justice Court*, 92 Wn.2d 106, 108, 594 P.2d 448 (1979) ("There being no express statement nor words from which it could be fairly inferred that motor boats are permitted on all waters of the state, no conflict exists and [a local ordinance prohibiting the use of internal combustion motors on certain lakes in Snohomish County] is valid."). RCW 69.50.412(1) does not forbid possession of drug paraphernalia with intent to use, but it does not expressly or impliedly license such possession. *See* RCW 69.50.412(1).[5] The nonpenalty portion of the Snohomish County ordinance prohibiting possession of drug paraphernalia with intent to use does not conflict with the Act. Fisher's suppression argument fails.

¶13 Affirm.

BAKER and DWYER, JJ., concur.

Review denied at 158 Wn.2d 1021 (2006).

---

[5] "It is unlawful for any person to use drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance. Any person who violates this subsection is guilty of a misdemeanor." RCW 69.50.412(1).