IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 69563-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROY EDISON DETAMORE JR., | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: March 10, 2014 |
| | ) | |

VERELLEN, J. — Roy Detamore appeals his conviction for possession of methamphetamine, arguing that the methamphetamine was discovered as the result of an unlawful arrest. Because the officer had probable cause to arrest Detamore for violation of a city ordinance prohibiting possession with intent to use drug paraphernalia, we affirm.

FACTS

On September 17, 2010, Officer Steven Harney responded to a 911 call at the Detamore residence. Officer Harney knew that the Detamore family had "been involved in criminal activity in the past."[1] When he arrived at the house, Officer Harney saw Roy Detamore standing in the carport. Officer Harney asked Detamore if he had any weapons on his person. Detamore said he had a knife. Officer Harney had Detamore put his hands on his head and then began to frisk him for the knife. During the frisk,

---

[1] Report of Proceedings (RP) (Dec. 8, 2011) at 6.

Officer Harney felt "a hard object . . . a long cylinder . . . with a bulb on the end" that he "immediately" recognized as a methamphetamine pipe.[2] Officer Harney then put Detamore in restraints, arresting him "for drug paraphernalia."[3] Officer Harney then found and removed the knife from Detamore's pocket. In a search incident to arrest, Officer Harney removed the pipe from Detamore's pocket and also found a second methamphetamine pipe, a bag with a straw, a scale, and a bag of methamphetamine.

The State charged Detamore with possession of methamphetamine. Detamore filed a CrR 3.6 motion to suppress the fruits of the search incident to arrest, arguing that Officer Harney lacked probable cause to arrest him. At a suppression hearing, Officer Harney testified that he received training to recognize various types of pipes that differ in the "way they're shaped, the way you use them to smoke the drugs."[4] He described pipes that are used to smoke only methamphetamines, as opposed to other drugs, as "glass with a big bulb on the bottom, and you put the drugs inside the bulb and smoke them through that."[5] According to Officer Harney, his training and experience allowed him to recognize the item in Detamore's pocket as a methamphetamine pipe without actually seeing it or manipulating it. Officer Harney also testified that he had not "encountered a pipe like that being used to smoke a legal substance."[6]

In its order denying Detamore's suppression motion, the trial court stated:

---

[2] Id. at 8-9.

[3] Id. at 11.

[4] Id. at 3.

[5] Id. at 3

[6] Id. at 4.

2

This officer has specific training and experience regarding objects used to smoke illegal drugs. Something shaped like this pipe is unique to smoking methamphetamine. When he felt it, he immediately recognized it for what it was. Because a pipe like this serves no purpose other than to smoke methamphetamine, the officer had probable cause to believe the defendant possessed it with the intent to smoke methamphetamine. . . . There was enough evidence that established a fair probability that the pipe was there to smoke methamphetamine and the officer had probable cause to arrest the defendant.[7]

At Detamore's first trial, the trial court found the jury deadlocked and declared a mistrial. After a second trial, a jury found Detamore guilty as charged. The trial court imposed a standard range sentence.

Detamore appeals.

## ANALYSIS

Probable cause to arrest exists where an officer knows of facts and circumstances that would lead a person of reasonable caution to believe that a crime has been or is being committed.[8] The determination is based on the totality of facts and circumstances arising in everyday life.[9] The "arresting officer's special expertise in identifying criminal behavior must be given consideration," and the officer's knowledge need not establish guilt beyond a reasonable doubt or meet a strict legal formula.[10]

Detamore first argues that his arrest was unlawful because possession of drug paraphernalia is not a crime.[11] As he correctly notes, although RCW 69.50.412 and

---

[7] Clerk's Papers at 155-56.

[8] State v. Terrovona, 105 Wn.2d 632, 643, 716 P.2d 295 (1986).

[9] State v. Scott, 93 Wn.2d 7, 11, 604 P.2d 943 (1980).

[10] Id.

[11] State v. Rose, 175 Wn.2d 10, 19, 282 P.3d 1087 (2012) (use of drug paraphernalia is a crime under RCW 69.50.412(1) and may justify arrest under RCW 10.31.100 if committed in officer's presence but "mere possession of drug paraphernalia is not a crime"); State v. O'Neill, 148 Wn.2d 564, 584 n.8, 62 P.3d 489

3

RCW 10.31.100 allow an arrest for use of drug paraphernalia in an officer's presence, mere possession of drug paraphernalia is not a crime.[12] But in its response to the suppression motion here, the State argued that Officer Harney had probable cause to arrest Detamore under the Everett Municipal Code provision criminalizing possession with intent to use drug paraphernalia.[13] Thus, the key inquiry for this appeal is whether the trial court properly determined that "the officer had probable cause to believe the defendant possessed [the pipe] with intent to smoke methamphetamine."[14]

Relying on State v. Fisher, Detamore argues that his mere possession of drug paraphernalia did not support an inference that he intended to use that paraphernalia

---

(2003) (mere possession of "cook spoon," absent evidence of use within officer's presence, does not justify arrest for violation of RCW 69.50.412(1)); State v. Neeley, 113 Wn. App. 100, 107-08, 52 P.3d 539 (2002) (possession of drug paraphernalia is not a crime under RCW 69.50.412, but use of drug paraphernalia to ingest controlled substances is a misdemeanor); State v. McKenna, 91 Wn. App. 554, 563, 958 P.2d 1017 (1998) ("drug paraphernalia in the duffle bag did not give cause to arrest, because mere possession of drug paraphernalia is not a crime" under RCW 69.50.412); State v. Lowrimore, 67 Wn. App 949, 959-60, 841 P.2d 779 (1992) (RCW 69.50.412 criminalizes the use of drug paraphernalia but not possession alone).

[12] RCW 69.50.412 makes it a misdemeanor to "use drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance." RCW 10.31.100 provides in pertinent part, "A police officer may arrest a person without a warrant for committing a misdemeanor or gross misdemeanor only when the offense is committed in the presence of the officer."

[13] Everett Municipal Code 10.35.020(A) provides: "It is unlawful for any person to use, or possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale or otherwise introduce into the human body a controlled substance other than marijuana. Any person who violates this section is guilty of a misdemeanor."

[14] Clerk's Papers at 156; cf. Rose, 175 Wn.2d at 19 n.3 (declining to decide whether similar provision in Benton County Code provided valid basis for arrest because argument was not timely raised).

for a prohibited purpose.[15] In <u>Fisher</u>, a deputy detected an object in Fisher's pocket during a pat-down search for weapons.[16] When Fisher said it was a pipe, the deputy removed it and recognized it as drug paraphernalia with burnt residue.[17] Although Fisher stated that the pipe was not his, the deputy arrested him for possession of drug paraphernalia with intent to use, conduct prohibited by a county ordinance.[18] The trial court denied Fisher's motion to suppress.[19] Rejecting Fisher's claim on appeal that the officer had insufficient evidence of intent beyond mere possession to create probable cause for the arrest, this court stated:

> The circumstances of the deputy's encounter with Fisher, however, provide evidence beyond mere possession. The pipe contained burnt residue. Fisher told the deputy that the pipe was not his but gave no other explanation for the pipe's presence on his person. The lack of explanation gave the deputy reasonable grounds to disbelieve Fisher's denial. Because the pipe was on Fisher's person and because it had been used to inhale a controlled substance, it was reasonable to conclude that Fisher possessed it with the intent to use it in the future. The deputy had probable cause to arrest Fisher.[20]

The facts here are not equivalent to <u>Fisher</u>. Detamore argues that Officer Harney had no information beyond the mere fact of possession suggesting the intent to use the pipe. He points out that Officer Harney had not yet seen the pipe or any residue and was not investigating a drug-related offense. And Officer Harney did not report anything in Detamore's demeanor or statements indicating that he had used drugs. But

---

[15] 132 Wn. App. 26, 130 P.3d 382 (2006).

[16] <u>Id.</u> at 29.

[17] <u>Id.</u>

[18] <u>Id.</u>

[19] <u>Id.</u>

[20] <u>Id.</u> at 30.

Fisher does not require any particular set of circumstances to establish probable cause to believe a person intends to use particular drug paraphernalia for an illegal purpose. The existence of probable cause is evaluated on a case-by-case basis.[21]

And the facts and circumstances here present more than mere possession of an item that could potentially be used as drug paraphernalia. Officer Harney testified that he immediately recognized the pipe in Detamore's pocket without manipulating it or removing it, and he specifically recognized the particular design of the pipe as unique to methamphetamine pipes. Officer Harney testified that according to his training and experience, such pipes are not "used to smoke other drugs" or "a legal substance."[22] Based on this testimony, the trial court found, "This officer has specific training and experience regarding objects used to smoke illegal drugs. Something shaped liked this pipe is unique to smoking methamphetamine. When he felt it, he immediately recognized it for what it was."[23] Based on these findings, which have not been

_____

[21] State v. Helmka, 86 Wn.2d 91, 93, 542 P.2d 115 (1975). We also reject Detamore's suggestion that case law addressing the sufficiency of evidence offered to support a conviction of possession of a controlled substance with intent to deliver somehow limits the inferences available to an officer considering an arrest. See, e.g., State v. Brown, 68 Wn. App. 480, 483, 843 P.2d 1098 (1993) (reviewing sufficiency of evidence to convict defendant of crime beyond reasonable doubt, "Washington case law forbids the inference of an intent to deliver based on bare possession of a controlled substance, absent other facts and circumstances").

[22] RP (Dec. 8, 2011) at 3-4. Neither Fisher nor the cases involving suspected drug paraphernalia used in a manner suggesting a violation of RCW 69.50.412 include testimony or evidence that an officer's training and experience indicated that the item's sole function is to smoke a particular type of illegal drug. Cf. Rose, 175 Wn.2d at 12 (white chalky substance in glass tube consistent with tool used to ingest drugs); O'Neill, 148 Wn.2d at 572 ("cook spoon" with granular substance "with a slickness or wet look"); Neeley, 113 Wn. App. at 103 (small Brillo pad, small pair of scissors, and lighter); McKenna, 91 Wn. App. at 557 (pipe, cigarette wrapping papers, and small set of scales); Lowrimore, 67 Wn. App. at 952 ("three knives, drug paraphernalia, marijuana pipes, and a set of scales").

[23] Clerk's Papers at 155.

challenged on appeal, the trial court properly concluded that even without seeing whether there was any residue in the pipe, Officer Harney had probable cause to believe that Detamore intended to use the pipe to smoke methamphetamine.[24] The arrest was lawful and the trial court properly denied the suppression motion.

We also reject Detamore's claim that the trial court's ruling "impermissibly criminalizes the mere possession of drug paraphernalia."[25] Detamore fails to present any relevant authority or cogent argument to support his theory that a trial court's determination in a single case as to the existence of probable cause somehow creates a new criminal penalty for conduct not otherwise prohibited by statute.

Affirmed.

WE CONCUR:

Cox, J.

---

[24] Cf. Fisher, 132 Wn. App. at 28 ("The burnt residue in the pipe warranted a belief that Fisher had an intent to use the pipe to inhale a controlled substance.").

[25] Appellant's Br. at 12.