## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, ) | No. 75305-3-I |
| Respondent, ) | |
| ) | DIVISION ONE |
| v. ) | |
| CARLOS TRAVOR BROWN, ) | UNPUBLISHED OPINION |
| Appellant. ) | FILED: July 10, 2017 |

BECKER, J. — Mere possession of a pipe, even one with a distinct shape associated with methamphetamine use, does not establish probable cause to arrest for possession of drug paraphernalia with intent to use it to ingest or inhale a controlled substance. Appellant's conviction for possession of methamphetamine discovered during a search incident to arrest is reversed.

Deputy Troy Koster and another deputy were dispatched to a drugstore in Lynnwood to respond to a call from the store's loss prevention officer. Dispatch reported that a person later identified as appellant Carlos Brown was inside the store, stuffing items into his jacket.

Deputy Koster detained Brown on suspicion of shoplifting. Brown did not have any unpaid merchandise with him. Deputy Koster frisked him for weapons.

He found no weapons, but he felt the shape of what he recognized as a methamphetamine pipe. He pulled it out of Brown's pocket. Brown was placed under arrest. Deputy Koster searched Brown incident to arrest and discovered a bag of methamphetamine on Brown's person.

Brown was charged with possession of the methamphetamine. Brown unsuccessfully moved to suppress.

Brown stipulated to a bench trial on agreed documentary evidence. The court convicted Brown as charged. Brown appeals and argues that the deputies did not have probable cause for the arrest.

A warrantless arrest must be based on probable cause. State v. Bonds, 98 Wn.2d 1, 8-9, 653 P.2d 1024 (1982), cert. denied, 464 U.S. 831 (1983). Whether probable cause exists is a question of law that this court reviews de novo. State v. Chamberlin, 161 Wn.2d 30, 40-41, 162 P.3d 389 (2007). Probable cause exists when the arresting officer is aware of facts or circumstances, based on reasonably trustworthy information, sufficient to cause a reasonable officer to believe a crime has been committed. State v. Gaddy, 152 Wn.2d 64, 70, 93 P.3d 872 (2004).

The State contends the arresting officer had probable cause to arrest Brown for the crime of possessing drug paraphernalia with the intent to use it, as defined by the Snohomish County Code:

> It is unlawful for any person to use, or to possess with intent to use, any item of drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body a controlled substance in violation of this act. Any person who

2

> violates this section is guilty of a misdemeanor and upon conviction may be imprisoned for not more than 90 days or fined not more than $500,000, or both.

SCC 10.48.020.

More than mere possession of drug paraphernalia is needed to establish probable cause for possession of drug paraphernalia with intent to use under SCC 10.48.020. State v. Fisher, 132 Wn. App. 26, 29-30, 130 P.3d 382 (2006). In Fisher, the circumstances of the officer's encounter with the defendant provided evidence beyond mere possession. The pipe contained burnt residue. The defendant told the officer that the pipe was not his, but he gave no other explanation for the pipe's presence on his person. The lack of explanation gave the deputy reasonable grounds to disbelieve Fisher's denial. Because the pipe was on Fisher's person and because it had been used to inhale a controlled substance, it was reasonable to conclude that Fisher possessed it with the intent to use it. Fisher, 132 Wn. App. at 29-30.

Here, Brown was stopped due to suspicion of shoplifting, a crime unrelated to drug use. He was at a drugstore in the middle of the day. At the suppression hearing, the State presented no evidence that he was using the pipe or was under the influence of any drugs when the officers stopped him. There is no evidence that Brown told the police anything about the pipe or why he had it.

Detective Koster testified at the suppression hearing that the pipe was "clearly" a methamphetamine pipe as felt through Brown's jacket pocket. Koster said he knew it was a methamphetamine pipe because "I have had 10 years of

3

training and experience. I've seen them literally all the time. Meth and heroin are the two biggest drugs out there right now in this area. So they are very distinct. There's nothing else really that has the same physical characteristics. The length, the bulbous end, the diameter on them. They're an incense burner. That's how they are marketed and able to be sold." He testified that methamphetamine pipes can be sold at gas stations.

According to the State, the deputies' knowledge of the "unique nature" of the pipe gave rise to a reasonable belief that Brown probably intended to use it to ingest methamphetamine. But the officers did not actually testify that Brown's pipe had only one use. In fact, Deputy Koster said the opposite—that such pipes are marketed as incense burners and can be sold at gas stations.

An officer's knowledge that a certain type of pipe is often used for smoking methamphetamine is not by itself sufficient to cause a reasonable person to believe that the person who possesses the pipe intends to use it to smoke methamphetamine. The State's argument amounts to the unsupported proposition that mere possession establishes intent to use.

Because there was no evidence that Brown possessed the pipe with intent to use it to ingest or inhale methamphetamine, the deputies did not have probable cause for the arrest. The search incident to arrest was therefore unlawful, and the methamphetamine found during the search should have been suppressed.

Reversed.

WE CONCUR:

Becker, J.

Cox, J.